Grier *vs.* McLendon and others.

No. 58.—JOHN GRIER, plaintiff in error, *vs.* SUSAN MCLENDON and others, defendants.

[1.] The Courts of Ordinary in this State, are Courts of *limited* jurisdiction, and the facts necessary to give the Court jurisdiction of the particular subject matter, should *affirmatively* appear upon the face of its judgment and proceedings, when offered as evidence in any other Court.

[2.] As, where the record of a judgment of the Court of Ordinary of Troup County was offered in evidence, to prove the appointment of a guardian of a ward, residing in the State of Alabama: *Held*, that it should, *affirmatively*, appear on the face of the record and proceedings, that either the *person* of the ward was within the County, or that she had *property* within the limits of the County, so as to give the Court jurisdiction to make the appointment; and that the *want of jurisdiction*, either of the *person* or *property* of the ward, appearing on the face of the record offered in evidence, it was properly rejected.

[3.] When it appears on the face of the record of a judgment of the Court of Ordinary, and proceedings, that the Court *had jurisdiction* of the particular subject matter, such judgment will be *conclusive* when offered in evidence in any other Court, and cannot be attacked *collaterally*. In order to set aside such a judgment, some direct proceeding must be had for that purpose in the Court in which the judgment was rendered.

Ejectment, in Troup Superior Court.     Tried before Judge HILL, May Term, 1849.

Susan McLendon brought an action against John Grier for a tract of land in Troup County, and on the trial, introduced a grant from the State to her.

The defendant offered in evidence a deed purporting to be from Jesse L. Laws, guardian of Susan McLendon, to Adam Harden, and "the records of the Court of Ordinary of Troup, to prove the appointment of the said Jesse L. Laws, as guardian of the said Susan McLendon, of the State of Alabama;" which was objected to by plaintiff, on the ground that "the minor, having been proved to be living in the State of Alabama, at the time of the appointment of said Laws, as guardian, the Court of Ordinary of Troup County had no authority to appoint a guardian for her." The objection was sustained by the Court, and counsel for defendant excepted.

The bill of exceptions contained no copy of this order, nor of the grant to Susan McLendon.

W. Dougherty, for plaintiff in error, cited—

*Story's Conf. Laws,* 843, 864, 865. *Morrell vs. Dickey,* 1 *John. Ch. R.* 152.   4 *Cow.* 529, *note.*  1 *Bl. Com.* 460, '2.  2 *Kent,* 182.

O. Warner and B. H. Hill, for defendant, cited—  ·

6 *Iredell,* 14.  *Jones vs. Mason, N. C. Rep.* 125.  4 *John. R.* 292. 9 *Wheat.* 541.  4 *Burr,* 2244.  11 *Mass.* 508.  *Tift vs. Griffin,* 5 *Ga. Rep.* 186.  1 *Bailey,* 242.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The only ground of error assigned to the judgment of the Court below is, the rejection of the record of the Court of Ordinary of Troup County, offered in evidence, to prove the appointment of Jesse L. Laws, as guardian of Susan McLendon, of the State of Alabama.   The record of the Court of Ordinary, offered in evidence, unfortunately, has not been sent up as a part of the transcript, or been incorporated into the bill of exceptions.   We must necessarily be governed by the certificate of the presiding Judge, for the facts apparent on the face of that record, so offered in evidence.   The bill of exceptions states, that the defendant offered in evidence, the records of the Court of Ordinary of Troup County, to prove the appointment of Jesse L. Laws, as guardian of Susan McLendon, of the State of Alabama, which was objected to by the plaintiff's counsel, on the ground that the said Susan McLendon, the minor, had been proved to have been living in the State of Alabama at the time of the appointment of said guardian, and that the Court of Ordinary of Troup County, Georgia, had no power to appoint a guardian for her; which objection was sustained by the Court, and the defendant excepted.   The Courts of Ordinary in this State, are Courts of *limited* jurisdiction.

[2.] In order to have given the Court of Ordinary of Troup County jurisdiction to appoint a guardian for Susan McLendon, she must either have been within the limits of the County, at the

time of the appointment, or had *property* within the limits of the County. If she resided in the State of Alabama, at the time of the appointment of the guardian for her by the Court of Ordinary of Troup, and had *no property* situate within the limits of the County, then the Court had no jurisdiction either to appoint a guardian for her *person* or for her *property.* Although she may have resided in Alabama at the time of the appointment of the guardian, yet, if she had *property* in the County of Troup, the Court of Ordinary of that County had jurisdiction to appoint a guardian to manage and control such property. We mean to say, that in order to give the Court of Ordinary of Troup County power and authority to appoint a guardian for a ward, that Court must either have the *person* of the ward, or the *property* of the ward, within its jurisdiction, at the time of the appointment. So far as we can discover from the bill of exceptions, it did not *affirmatively* appear on the face of the record offered in evidence, that the Court of Ordinary of Troup had jurisdiction of either the *person* or *property* of the ward, at the time of the appointment of the guardian; but so far as we are informed in relation to that matter, the ward resided in the State of Alabama at the time the appointment was made by the Court, and the record is entirely silent as to the ward having any *property* in the County at that time. The record offered in evidence being the judgment of a Court of *limited* jurisdiction, the facts necessary to give the Court jurisdiction, should affirmatively appear on the face of the proceedings. *Powers vs. The People,* 4 *John. Rep.* 291. *Walker vs. Turner,* 9 *Wheat. Rep.* 541. *Trevor vs. Wall,* 1 *Term Rep.* 151.

In *Walker vs. Turner,* the Court held, that where the jurisdiction of a Magistrate was special, and *limited by Statute,* it was essential to the validity of his judgment, and the proceedings under it, when offered as evidence in another Court, that the record so offered should *show* that the Magistrate acted upon *a case* which the *law submitted to his jurisdiction.* The rule as to jurisdiction is, that nothing shall be intended to be out of the jurisdiction of a Superior Court of *general* jurisdiction, but that which *specially* appears to be so; and on the contrary, nothing shall be intended to be within the jurisdiction of an Inferior Court of *limited* jurisdiction, but that which is so *expressly alleged.* *Peacock vs. Bell & Kendall,* 1 *Saunders' Rep.* 74.

Grier *vs.* McLendon and others.

[3.] If it had appeared on the face of the record from the Court of Ordinary of Troup, offered in evidence, that Jesse L. Laws was appointed the guardian of Susan McLendon, of *that County,* or if it had appeared that Susan McLendon, the ward, resided in the State of Alabama, but had *property* in the County of Troup, and that Laws was appointed the guardian of such property, then the judgment of the Court of Ordinary of Troup would have been *conclusive* of that fact, when offered in any other Court, and could not, in such other Court, be attacked, *collaterally,* when the jurisdiction of the Court appeared on the face of the proceedings. In order to set aside such a judgment, some direct proceeding must be had for that purpose in the Court in which the judgment was rendered. Where, however, the facts necessary to give the Court of Ordinary of Troup County jurisdiction, either of the *person* of the ward, or of her *property, did not appear* on the face of the proceedings offered in evidence, according to the record before us, the same was properly rejected by the Court below.

In *Thompson vs. Tomlie,* (2 *Peters' Rep.* 157,) the Court held it to be a well settled rule of law in such cases, that when the proceedings are *collaterally* drawn in question, and it *appears on the face of them* that the subject matter was within the jurisdiction of the Court, they are voidable only—the errors and irregularities of any suit, are to be corrected by some *direct* proceeding, either before the same Court to set them aside, or in an appellate Court. It was also held, that if there is a total want of jurisdiction, the proceedings are void and a mere nullity, and may be rejected when *collaterally* drawn in question.

Let the judgment of the Court below be affirmed.