260     *TOMMEY & STEWART, plaintiffs in error, v. JOSHUA ELLIS, defendant in error.

(Atlanta, June Term, 1870.)

1. SET-OFF IN EQUITY—JUDGMENTS—PLAINTIFF IN ONE JUDGMENT TAKING HOMESTEAD.*—When the plaintiff in a Judgment has taken the benefit of the homestead and exemption law, and thereby exempted all his property from the payment of his own debts, a defendant in a judgment in his favor, who has a judgment against him and another, which was dormant when the bill was filed, and has since been revived, has an equity springing out of the facts of the case, which entitles him to apply to the Court of Equity to have the judgment in favor of the person taking the benefit of the homestead and exemption enjoined until the two judgments are set-off against each other; and it was error in the Court below to dismiss the bill on demurrer for want of equity.

2. DEMURRER—DECISION UPON BILL WITHOUT REFERENCE TO ANSWER.†—When a general demurrer is filed to a

---

See Tommey v. Ellis, 44 Ga. 139.

*SET-OFF IN EQUITY—INTERVENING EQUITY NOT REACHED BY LAW—INSOLVENCY.—"The right of a court of equity in this state to take jurisdiction to enforce a set-off extends to cases where there is an intervening equity not reached by the law, or where the set off is of an equitable nature. See Civil Code, § 3996. Insolvency as been recognized as a distinct equitable ground of set-off. Lee v. Lee, 31 Ga. 26; Moody v. Ellerbie, 36 Ga. 666; Tommey v. Ellis, 41 Ga. 260; Camp v. Pace, 42 Ga. 161; Melson v. Dickson, 63 Ga. 682; Harwood v. Andrews, 71 Ga. 784; Georgia Seed Co. v. Talmadge, 96 Ga. 256, 22 S. E. Rep. 1001; Bell v. Ober, 111 Ga. 668, 36 S. E. Rep. 904." Hecht v. Snook, 114 Ga. 924, 41 S. E. Rep. 74.

"In set-off, equity generally follows the law; but if it be of an equitable nature, the courts of equity take jurisdiction to enforce the set-off. Code, § 3141. In cases of insolvency there are peculiar equities which will be seized upon and enforced. Lee v. Lee, 31 Ga. 26, 33; Tommey v. Ellis, 41 Ga. 260, 262; Camp v. Pace, 42 Ga. 161." Harwood v. Andrews, 71 Ga. 786.

SAME—SUPERIOR COURT—ENJOINING OF SUIT AT LAW.—"When the law recognized the superior court as a court of law, as separate and distinct from that court, as a court of equity, a defendant in a suit at law in that court in the absence of an express statute authorizing him to set up an equitable defense, was compelled, in order to avail himself of this defense, to file an original proceeding upon the equitable side of the court, and to enjoin the suit upon the law side of the court, in order that a court of equity might render a decree doing complete justice between the litigants. This was the practice recognized so long as a superior court was treated as having both a law side and a equity side. Lee v. Lee, 31 Ga. 26; Moody v. Ellerbie, 36 Ga. 666; Tommey v. Ellis, 41 Ga. 260; Camp v. Pace, 42 Ga. 161." Hecht v. Snook, 114 Ga. 926, 41 S. E. Rep. 74. See foot-note to Moody v. Ellerbie, 36 Ga. 666.

†DEMURRER—DECISION UPON PETITION WITHOUT REFERENCE TO ANSWER.—"In order to determine, upon the hearing of a demurrer, the sufficiency of the allegations of a petition in equity, the court has no power to look beyond the allegations of the petition or to consider the answer thereto. Tommey v. Ellis, 41 Ga. 260; Griffin v. Stewart, 101 Ga. 720, 29 S. E. Rep. 29." Williams v. Lancaster, 113 Ga. 1020, 39 S. E. Rep. 471.

bill, the Court must decide upon the case made by the bill without reference to the answer. (R.)

Set-off in Equity. Before Judge Green. Newton Superior Court. March Term, 1870.

The bill of Tommey & Stewart against Ellis was filed on the 15th of December, 1869, and made this case: Tommey and Stewart, as partners, A. D. Hammett and G. J. Orr, were partners in the lumber business, under the style of Hammett, Orr & Company. In the latter part of 1865, Orr, on behalf of said firm, contracted with Ellis for timber to be delivered at their mill, to be sawed on shares. In September, 1866, Tommey & Stewart bought out Orr's interest in the mill and its appurtenances, and the assets of the firm, agreeing to relieve Orr from all the liabilities of the firm. Then Hammett bought them out and the mill firm was dissolved. At this time Ellis had not delivered any of said timber; he subsequently delivered it to Hammett and he used it for his own purposes, failed to pay Ellis for it, 'and left the firm in Ellis' debt therefor. Ellis sued Hammett, Orr & Company on said contract, and obtained a judgment against them in September, 1869, for $162 72 principal, $31 75 interest and costs, took out a fi. fa. and ordered it levied upon the property of said defendants. If either of them pays it the others will have to contribute, and if Orr pays it they will have to repay him. Hammett is insolvent.

On the 22d of March, 1862, one Jourdan obtained five *judgments against Ellis, four for $50 00 each, and the other for $20 00. On the 6th of August, 1862, fi. fas. were issued on these judgments, but up to the filing of the bill, no entry has been made on either of them by any proper officer of the law. On the 28th of September, 1867, Jourdan's administratrix transferred these judgments to Tommey & Stewart. On the day last aforesaid, they also bought from her a note on Ellis for $50 00, due the 25th of December, 1861, and another under seal, due the 14th of April, 1861; after buying these judgments and notes, they were advised that they could not plead them as a set-off to said Ellis' suit, then pending, and so they allowed his judgment as aforesaid to be rendered. Ellis had not more property than can be covered by the homestead and exemption laws of this State. They have tried to get him to allow his judgment to be satisfied by crediting its amount on their said claims, but he refuses. Therefore they prayed an injunction against Ellis having any levy made, and that his fi. fa. be settled as they had offered to do. The Chancellor sanctioned the bill and ordered the injunction to issue.

Ellis answered that he intended to enforce payment of his demand from Orr only, that said notes were barred by the statute of limitations, and that prior to the purchase of said

judgments and notes, he had assigned his judgment to W. W. Clark, in payment of lawyer's fees due him. Upon this answer and a general demurrer, Ellis moved to dissolve said injunction and dismiss said bill. Before argument the bill was amended by averring that since the filing of the bill Ellis' entire property had been exempted from his debts under the Homestead Acts; and that their judgments had been revived against Ellis. This was admitted.

After argument, the Chancellor dismissed the bill upon the grounds that the judgments against Ellis were dormant when said bill was filed; there is no mutuality in the demands; because it did not appear that Ellis had more property when said judgments were bought than he now has; and because Ellis had transferred his judgment before its rendition.

262        *John J. Floyd, for plaintiffs in error.

Clark & Pace, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

· The bill in this case shows that Hammett is insolvent and that Tommey and Stewart had purchased Orr's interest in the partnership business, and had given him an obligation to indemnify him against all the debts of the company. Tommey and Stewart are, in fact, therefore, the real parties at interest, and the parties who must pay the judgment in favor of Ellis against the firm of Hammett, Orr & Company.

They averred in their bill that they held judgments against Ellis and another, for a larger sum than the amount of his judgment against them, which were dormant when the bill was filed, but as is shown by an amendment to the bill, had been revived since the original was filed. They also allege that Ellis has taken the benefit of the homestead and exemption law, which covers all his property and leaves nothing subject to the payment of their judgments against him, and that they will be remediless if he is permitted to enforce his judgment against them. And they pray that the one judgment may be set-off in equity against the other, till the judgment Ellis holds against them is satisfied. The Judge granted an injunction, restraining Ellis from enforcing his judgment against the complainants, till further order. Ellis then filed his answer, and set up a sale of the judgment to Col. Clark, in payment of fees, etc., and denied the right of the complainants to the relief sought. A motion was then made to dissolve the injunction, and a general demurrer was filed to the bill for want of equity. On the hearing of this motion the Judge ordered the bill dismissed, and upon that ruling error is assigned.

1. While the facts do not make a case of legal set-off, we think an equity springs out of them which entitles the complainants to relief. Ellis is in effect legally insolvent when he takes the benefit of the homestead and exemption

law, *which covers all his property and exempts it from the payment of his debts. In such case it would be grossly inequitable and unjust to allow him to enforce his judgment against the complainants, when he will not pay the judgment which they hold against him, and there is no legal mode of compelling such payment.

2. The bill expressly waives an answer, and as the answer in this case sets up the equities of a third person against the complainants' right to relief, the defendant should have been held to prove his allegations on the trial. When a general demurrer to the whole bill for want of equity is filed, the Court must decide it upon the case made by the bill, and not by an examination of the answer.

Judgment reversed.