## WETTER, trustee, *vs.* WALKER.

[Jackson, Justice, being related to the *cestui que trusts* of the plaintiff in error, did not preside. Hon. George Hillyer, Judge of the superior court of the Atlanta circuit, was designated by the governor to take his place.]

1. Generally, a larger estate will not be implied where a smaller one is expressly granted. Hence, a power of disposition annexed to an express estate for life will not be construed as enlarging the latter into a fee, unless the power be necessarily inconsistent with an estate for life only.

2. Though the husband be by statute the sole heir of the wife, he is not included in a will under the expression, "such persons as may come under the designation of her next of kin by the statute of distributions."

3. The above propositions applied to a will made in 1859, by which the testatrix disposed of her whole estate as follows: "I devise and bequeath to the husband of my grand-daughter (naming both) all my property both real and personal which may remain after the payment of my just debts, to hold said property in trust for the sole and separate use of my said grand-daughter, free from the debts, liabilities and contracts of her present or any future husband, during her natural life ; and in further trust, to convey the same, during her natural life, from time to time, to such persons, in such proportions, and on such considerations as she may in writing request ; in further trust, upon her decease, to make such disposition of said property as she may by any writing of a testamentary character direct; in further trust, should she die intestate, to hold said property for the benefit of such persons as may at the time of her decease, come under the designation of her next of kin by the statute of distributions at the time in force in the state of Georgia." The grand-daughter died in 1865, intestate, leaving children together with her said husband surviving :

*Held*, that her equitable estate in the property was an estate for life only, and that at her death, her children, not her husband, took the remainder as filling the description of her next of kin.

Trusts. Estates. Husband and wife. Wills. Before Judge Harden. City Court of Savannah. February Term, 1878.

Walker brought complaint against Wetter as trustee for his children, for materials furnished to, and work done on, the trust property (real estate), in November, 1872, and in November and December, 1873. The bill amounted to

Wetter, trustee, *vs*. Walker.

$116.05, besides interest.   The defendant pleaded the general issue, and specially that no such trust existed.

The questions involed were submitted to the court without the intervention of a jury, upon the following facts:

The work was done and the material furnished to repair the property named, and the charges made were correct. Title to the property came from Margaret Telfair to her grand-daughter, Mrs. Wetter, under the item of the former's will (made in 1859) set forth in the third head-note.   Mrs. Wetter died intestate in 1865, leaving her husband, the defendant, and several children surviving her, who, it seems, are still minors.   She made no disposition of the property during her life.   The defendant claims such property as his own under the aforesaid will.

The court held as follows:

1. "The words 'next of kin,' as used in this will, mean nearest blood relations.

2. "The reference to the statute of distributions is for the purpose of pointing out the rule to be followed in ascertaining who were the nearest blood relations.

3. "Upon the death of Mrs. Wetter, the property devised by the second item of Mrs. Telfair's will and not disposed of by Mrs. Wetter during her life, passed to Wetter in trust for her children.

"Judgment for the plaintiff."

To this ruling the defendant excepted.

T. M. Norwood; N. C. Collier, for plaintiff in error, cited 15 *Ga.*, 462; 21 *Ib.*, 394; 13 *Ib.*, 277; Mart. & Y. R. (Tenn.), 302; 5 Mass., 500; 16 Ves., 135; 2 Fearne on Rem., 354; 13 Ves., 445; 3 *Ib.*, 244; Cobb's Dig., 294, 295, 305; Code, §2484; Watkins' Dig., 313; Mar. & Craw. Dig., 217; 3 Bro. Ch., 64; 19 Ves., 404; 27 *Ga.*, 324; 8 *Ib.*, 279; 22 *Ib.*, 420; 30 *Ib.*, 308; Bouv. L. D.  "Next of kin;" 3 L. & E., 28.

R. E. Lester; R. D. Walker, Jr.; W. W. Mackall, Jr., for defendant, argued as follows: Power of disposal distinct

from estate, and hence did not affect it, 23 *Ga.*, 472; 15 *Ib.*, 457; 2 *Ib.*, 307; 13 Vesey, Jr., 445; 56 Barb., 579; 16 John., 537; 1 Sug. on Powers, 124; 3 Ad. & E., 123. Estate by implication not favored, 1 Sug. on Powers, 424; 4 *Ga.*, 64, 379. Separate estate in wife for life intended, Hill on Trust., 631; 44 Ala., 338; 26 Md., 1; 2 *Ga.*, 307. Husband not included in "next of kin," Code of 1863, §1711; Code of 1873, §1761; 2 W'ms. on Ex'r's, 343, 731; O'Hara on Wills, 319; 1 Hoff. Ch,. 213; 18 Vesey, 49; 1 Bouv. L. D., 666. Husband's right to wife's estate not derived from statute of distributions, Cobb's Dig., 294, 1129; 4 *Ga.*, 384; 2 Blackstone Com., 515; 2 Dev., 360; 3 Vesey Sr., 244; 14 Vesey Jr., 372, "Next of kin" means blood relatives, Cobb's Dig., 291; Code of 1863, §2456; 14 Ves., 379; 6 Beav., 86; 1 Penn., 506; 67 N. Y., 387; 27 *Ga.*, 325; 15 Vesey, 536; 23 N. Y., 158. Courts lean to life estate, 29 *Ga.*, 544.

BLECKLEY, Justice.

1. "A devise of an estate generally, or indefinitely, with a power of disposition over it, carries a fee. But where the estate is given for life only, the devisee takes only an estate for life, though a power of disposition, or to appoint the fee by deed or will, be annexed; unless there should be some manifest general intent of the testator which would be defeated by adhering to this particular intent. Words of implication do not merge or destroy an express estate for life, unless it becomes absolutely necessary to uphold some manifest general intent." 4 Kent's Com., 319. "So, if an estate be given to a person generally, or indefinitely, with a power of disposition, it carries a fee; unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion. In that case, the express limitation for life will control the operation of the power, and prevent it from enlarging the estate to a fee." *Id.*, 536; 15 *Ga.*, 457; 2 *Ib.*, 307; 2 Strobart's Eq., 134.

2. "A man's kindred, in the proper signification of the

word, means such persons as are related to him *by blood:* and, accordingly, relations by *marriage* are generally incapable of bringing themselves within the description of 'next of kin' in a will; and (as in the case just mentioned, of 'relations') neither husband nor wife can be entitled under a bequest to the 'next of kin' of either of them." 2 W'ms. on Ex'rs, 815; 67 N. Y., 387; 69 *Ib.*, 36; 72 *Ib.*, 312. Though by the statute of distributions in force in 1865, the husband was sole *heir* to the wife, children stood in the first *degree.* Code, §2484.

3. Applying the foregoing rules to the will now under consideration, it follows that the grand-daughter of the testatrix took an equitable estate in the property for her life, and no more; and that her children, not her husband, were her next of kin, and, on her death intestate, became entitled to the remainder. Even any apparent inconsistency between the power and the express life estate disappears by construing the terms, " and in further trust to convey the same, during her natural life, from time to time, to such persons, in such proportions, and on such conditions as she may in writing request," as restricting the duration of the estate so authorized to be conveyed, to the period of her life; and this, in all probability, is the true intent and meaning of the clause, for it is immediately added, " in further trust, upon her decease, to make such disposition of *said property* as she may by any writing of a testamentary character direct; in further trust," should she die intestate, to hold said *said property*," etc. The purpose seems to have been to keep the trust on foot as to the inheritance in the *whole* of the property; and to do that, any conveyance made during the life of the grand-daughter at her request would have to be limited in its operations to the period of her life, or to a more brief duration. See 23 *Ga.*,515. We infer from the record that the children were minors when the account sued upon arose, and even when the action was brought, but whether they were or not is of no consequence. We were requested in the argument to construe the will

to the extent which we have gone, and this is all we have attempted. It was not contended that if Mrs. Wetter took a life estate only, with no enlargement of it by her power of disposition, and if the children came in for the remainder, the trust became executed at her death by reason of there being nothing for the trustee to do after that event happened.

Judgment affirmed.