### WILLIAM M. SIMANTON v. ENOCH M. MOORE.

Argued June 5, 1900—Decided November 12, 1900.

The court will not change the venue on the ground of inconvenience, upon any nice balancing of circumstances of mere accommodation to the parties; over these, the legal right of the plaintiff must prevail.

On contract.   On rule to show cause why venue should not be changed.

Before Justice VAN SYCKEL.

For the rule, *Martin Wyckoff.*

*Contra, John L. Conard.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is a motion to change venue in a transitory action.   The plaintiff has laid the venue in Mercer county, where he resides.

The application of the defendant is to change the venue to the county of Warren, where he resides, and where, it is alleged, most of the witnesses reside.

The plaintiff has a right to lay the venue in Mercer county, subject to a change in the discretion of the court.   *Bell* v, *Morris Canal Co.,* 3 *Gr.* 63; *Gen. Stat. (Practice act),* § 230.

The court will not change the venue on the ground of inconvenience, upon any nice balancing of circumstances of mere accommodation to the parties; over these, the legal right of the plaintiff must prevail.   *Demarest* v. *Hurd,* 17 *Vroom* 471.

The facility with which witnesses can reach the county seat of Mercer county by railroad leads the court to refuse the application of the defendant.

The motion is denied, with costs.

