### COKER, administrator, *et al. v.* GAY, guardian.

1. The courts of ordinary of this State have jurisdiction to appoint guardians for the lands of lunatics who reside beyond the limits of this State, where property is located in the territorial limits of the State in which such courts act.
2. So much of the decision in *Beall* v. *Stokes,* 95 *Ga.* 357, if it conflicts with the above ruling, is reviewed and overruled.
3. Applying the ruling made in the first headnote, the court erred in not sustaining the demurrer to the petition in this case.

No. 2885. SEPTEMBER 30, 1922.

Equitable petition. Before Judge Wright. Floyd superior court. October 3, 1921.

John J. Gay, as guardian of Mabel Gay Coker, filed his petition in Floyd superior court against W. H. Coker as administrator of the estate of John W. Coker, J. M. Bradshaw, T. W. Lipscomb, J. H. Smith, Frank Harper, Dan Whatley, Lon Hall, the

Fidelity Loan & Trust Co., C. W. Carter, and Bessie H. McDonald, alleging as follows: On August 24, 1920, plaintiff was legally appointed as guardian of the estate of Mabel Gay Coker, a person of unsound mind, by the probate court of Cherokee County, Alabama, of which State Mabel Gay Coker was and has ever since been a resident. She was the lawful wife of John W. Coker, of Cherokee County, Alabama, who died on or about April 26, 1918, leaving a will which was probated in the County of Cherokee, State of Alabama, but which was without force and effect in the State of Georgia, as the same was not executed in conformity with the laws of Georgia. On September 2, 1918, W. H. Coker was appointed by the court of ordinary of Floyd County, Georgia, as administrator of the estate of John W. Coker, there being considerable lands lying in that county. All the defendants are residents of that county, except the Fidelity Loan & Trust Co., which has an office and agent therein, and George D. Selden, a resident of Pennsylvania, who is represented in Floyd County for the purpose of making loans by T. W. Lipscomb, who resides in said county, and who made the loan hereinafter referred to. At the time of the death of John W. Coker, he was seized and possessed of certain lands in Floyd County, Georgia, which are partly described in the petition. Mabel Gay Coker, his widow, is legally entitled to dower in said lands and all other lands belonging to the estate of her husband located in Georgia, and is entitled to dower out of each body or tract of said lands. After the death of John W. Coker, at the September term, 1918, the court of ordinary of Floyd County passed an order appointing Miss M. E. Smith, of said county, guardian of the property of Mabel Gay Coker. On September 20, 1918, the said Miss M. E. Smith, as guardian of the property of Mabel Gay Coker, filed in Floyd superior court her petition for the setting apart of dower to which the said Mabel Gay Coker was entitled by law. Commissioners were appointed, who made their return, which, on January 13, 1919, was made the judgment of said court. The order so appointing Miss Smith as guardian was null and void, as the court of ordinary of Floyd county had no jurisdiction of the person or property of Mabel Gay Coker, and had no jurisdiction to entertain a petition for appointment of a guardian for her person or property; and therefore the entire proceeding in Floyd superior court for laying out and

admeasuring of dower, upon application of Miss M. E. Smith as guardian, was void, there being no proper parties before the court, and Mabel Gay Coker not being bound in any manner by said application.

The petition then showed that the administrator had made several conveyances of land to some of the defendants, some of whom had conveyed to others of the defendants, including a security deed to defendant Selden; and that the administrator held unsold other land of the estate; and further alleged that the several deeds were a cloud on the title of Mabel Gay Coker as to her dower interest. Petitioner prayed, for an order of service on George D. Selden by service on his attorney, T. W. Lipscomb; that the court by decree declare void the proceedings instituted by Miss M. E. Smith as guardian to have set apart and admeasured dower to Mabel Gay Coker; that the proceeding in the court of ordinary, appointing said Miss M. E. Smith as property guardian of Mabel Gay Coker, be decreed null and void; for want of jurisdiction to make such appointment; that the court appoint commissioners to measure and lay off to petitioner, in behalf of Mabel Gay Coker, dower in each of several tracts of land of which her husband died seized and possessed; that the administrator be required to pay to plaintiff one third of the rents, issues, and profits of the estate since death of W. H. Coker; that a judgment for plaintiff against the administrator, in the sum of $8,000, be rendered; that possession be awarded to plaintiff of the property to be set aside to Mabel Gay Coker as dower; that the security deeds hereinbefore referred to be canceled as a cloud on the title of the petitioner; and that general relief be granted.

By amendments the plaintiff struck the names of T. W. Lipscomb, Bessie H. McDonald, and George D. Selden as parties defendant; Miss M. E. Smith was made a defendant; and it was alleged that the non-residency of Mabel Gay Coker was a defect appearing upon the face of the proceedings of the court of ordinary by which Miss M. E. Smith was appointed guardian.

The application of Miss M. E. Smith for guardianship was addressed to the ordinary of Floyd county. It recited that Mrs. Mabel Coker was non compos mentis and the widow of John W. Coker, a resident of the State of Alabama, who died in the State of Georgia, that said widow was entitled to dower out of the estate

of John W. Coker, situated in Floyd county; and that it was necessary that a guardian be appointed to take charge of said property. Petitioner prayed to be appointed as such guardian and asked that the usual citation issue and be published. At the September term, 1918, of the court of ordinary an order was passed appointing Miss M. E. Smith " guardian of the property of said Mrs. Mabel Coker."

The defendants demurred to the petition, on the grounds: (1) that it set forth no cause of action; (2) that its allegations are not sufficient in law or equity to authorize the granting of any of the relief prayed; (3) that there is a non-joinder of necessary parties, in that Miss M. E. Smith as guardian of the property of Mabel Gay Coker is not made a party defendant in said cause; (4) that there is a misjoinder of parties defendant and of causes of action; (5) that this court is without jurisdiction, in so far as it is undertaken to have decreed null and void the judgment of the court of ordinary appointing Miss M. E. Smith guardian of said Mabel Gay Coker, and said judgment cannot be collaterally attacked and can only be set aside in the court rendering such judgment and making such appointment; (6) that said judgment is presumed to be valid, unless the contrary appears on the face of the proceedings on which said appointment was made; (7) that it appears from the petition that this court has heretofore appointed commissioners to lay off and assign dower to Mabel Gay Coker of the lands of her husband, that said commissioners made a return which has been made the judgment of this court, that said proceedings and judgment thereon are presumed to be binding, and that until said proceedings and judgment have been set aside in this court by proper proceedings for that purpose this court is without jurisdiction or power to appoint commissioners for the purpose of laying off and assigning dower to said Mabel Gay Coker. There were various grounds of special demurrer.

The court overruled all the grounds of the demurrer, and error was assigned on this judgment.

*Maddox, Lipscomb & Matthews* and *Maddox & Doyal,* for plaintiffs in error.

*W. T. Murphee* and *Denny & Wright,* contra.

FISH, C. J. (After stating the foregoing facts.) This is an equitable petition by the Alabama guardian of Mabel Gay Coker,

a lunatic, to set aside a judgment of the court of ordinary of Floyd County, Georgia, appointing a Georgia guardian of the property of said lunatic in this State; to set aside proceedings in Floyd superior court, brought by the Georgia guardian, wherein dower for said lunatic had been assigned in the lands of her deceased husband, located in that county; to have various conveyances of lands of the deceased husband by his administrator canceled so far as the right of the wife to dower therein was concerned; and to have set apart and assigned to the lunatic dower in all the lands of the husband in Floyd County, Georgia, on the ground that the court of ordinary of Floyd County had no jurisdiction to appoint a guardian of the property of the non-resident lunatic, in consequence of which such appointment was void, and the proceedings instituted by such guardian, in which dower was so assigned to the lunatic wife, were likewise void.

The decision of a single question will dispose of this case. If the court of ordinary of Floyd County had jurisdiction to appoint a guardian of the property of Mabel Gay Coker, located in that county, she being a non-resident lunatic at the time, but entitled to dower in various lands of her deceased husband in that county, then the court below should have sustained the demurrer and dismissed the petition. The only attack made upon the judgment appointing the guardian is that the court of ordinary was without jurisdiction to appoint a guardian for a lunatic who resided at the time in the State of Alabama, although the lunatic at the time owned property in Floyd County, Georgia. No attack is made upon the method of procedure by which the guardian was appointed. The sole attack is upon the judgment of the court of ordinary making the appointment, for lack of jurisdiction in the court to render the judgment; and the lack of jurisdiction is put solely on the ground that the lunatic was a non-resident of this State at the time the judgment was rendered.

. All persons non compos mentis shall have their persons and estates, or either of them, placed in the control of guardians. Civil Code (1910), § 2169. This is broad enough to cover resident and non-resident persons who are non compos mentis. The ordinaries of the several counties of this State may appoint guardians for idiots, lunatics, and insane persons (§ 3089). This is broad enough to cover all classes of idiots, lunatics, and insane persons,

resident and non-resident. Courts of ordinary have original, exclusive and general jurisdiction of the appointment and removal of guardians of persons of unsound mind (§ 4790, par. 5). Is such jurisdiction confined solely to persons of unsound mind who reside in this State? The language of this section is comprehensive enough to embrace persons of unsound mind who live beyond the confines of Georgia. If a minor is a non-resident, but has property in this State, the ordinary of the county where the property is located may appoint a guardian who shall have control only of such property (§ 3036). Here jurisdiction is based upon the presence of property within the county. It is the presence of property which gives the court jurisdiction in such a case. Guardians for lunatics, idiots, and persons non compos mentis are appointed under the same rules and regulations as govern the appointment of guardians of minor children (§ 3104). It is true that this section declares that " the ordinary of the county where such idiot, lunatic, or insane person lived at the time he was sent to the sanitarium shall have jurisdiction of the appointment of such guardian; and it may be said this section confines the jurisdiction of the ordinary to insane persons residing in this State. The purpose of this section was not to give an all-inclusive definition of jurisdiction over the appointment of guardians of lunatics; but it simply fixes the county in which jurisdiction can be exercised for the appointment of guardians for this unfortunate class, when they live in this State and are sent to the State sanitarium.

If a guardian can be appointed for the property of a non-resident minor who has property in this State, and if the rules and regulations which govern the appointment of guardians for minors apply to the appointment of guardians for lunatics, then it must follow that guardians can be appointed for the property of non-resident lunatics who have property in the county. When a minor, idiot, or insane person resides in another State, and is entitled to property in the hands of a guardian within this State, and there is no sufficient reason why such property should not be transferred to the foreign guardian, this may be done, when the foreign guardian complies with certain conditions. Civil Code (1910), § 3107. This section seems to recognize the jurisdiction of our courts of ordinary to appoint guardians of the property

of persons of unsound mind who reside beyond the borders of this State. Else who shall manage and control the property of such incompetents within the limits of this State?

Courts of equity have frequently exercised jurisdiction to issue commissions *de lunatico inquirendo,* if the alleged lunatic, though a non-resident, has real estate in the State where the proceedings are had. Ex parte Southcot, 1 Amb. 109; In re Perkins, 2 Johns. Ch. (N. Y.) 124; In re Petit, 2 Paige (N. Y.), 174; In re Gause; 9 Paige (N. Y.), 416; In re Fowler, 2 Barb. Ch. (N. Y.), 305; In re Child, 16 N. J. Eq. 498; In re Devausney, 52 N. J. Eq. 502 (28 Atl. 459); Burke *v.* Wheaton, 4 Fed. Cas. 749, No. 2164; Matter of Neally, 26 How. Pr. (N. Y.), 402; 22 Cyc. 1121. This doctrine rests upon the reason that a committee or guardian must be appointed in the State for a non-resident lunatic, to enable him to obtain control of his property in the State and manage it for the lunatic. Matter of Petit, 2 Paige (N. Y.), 174. Under our law original, general, and exclusive jurisdiction is conferred upon the courts of ordinary over the appointment of guardians for lunatics, and these courts now have the power formerly exercised by the courts of chancery in this matter. Brown *v.* Fox (N. J. Eq.), 51 Atl. 621.

It is true beyond doubt, that, to give the courts of ordinary of this State jurisdiction in this matter, the lunatic must be a resident of this State, or own property within the county in which the ordinary acts. The presence of either gives that court jurisdiction. In dealing with the jurisdiction of the court of ordinary to appoint a guardian for a minor, this court has said: " In order to have given the court of ordinary of Troup county jurisdiction to appoint a guardian for Susan McLendon, she must either have been within the limits of the county, at the time of the appointment, or had property within the limits of the county." *Grier* v. *McLendon,* 7 *Ga.* 364. This doctrine was recognized in *Boyd* v. *Glass,* 34 *Ga.* 253 (89 Am. D. 252). The essential jurisdictional facts in a case for the appointment of a guardian for a minor are minority of the child, and his domicile, residence, or ownership of property within the territorial jurisdiction of the court. 12 R. C. L. 1114, § 15. As we have undertaken to show, this regulation is applicable to applications for the appointment of guardians for persons of unsound mind. The jurisdiction to

appoint guardians for the estates of such persons does not depend upon his domicil. 14 R. C. L. 568, 569, § 20.

Counsel for the defendant in error relies on *Beall* v. *Stokes,* 95 *Ga.* 357 (22 S. E. 637). The headnote of that case is as follows: "Courts of ordinary in this State have no jurisdiction to appoint guardians for lunatics residing in and who have been committed to the lunatic asylum of another State; and where such a lunatic has an estate within this State, the superior court, in the exercise of its equitable powers, has jurisdiction over the same, and may, at the suit of the wife of such lunatic, upon proper allegations, appoint a receiver and take possession of and administer such estate." It is urged by counsel for the plaintiffs in error that this ruling is obiter, because no attack was made on the jurisdiction of the court of ordinary of Randolph County, Georgia, to appoint a guardian for the property of the lunatic in that county. An inspection of the original record of that case in this court discloses that no attack was made on the jurisdiction of the court of ordinary to appoint the guardian for the property of the lunatic in that county. The guardian was treated by the plaintiffs in that case as legally and properly appointed; and the bill in that case was filed to make him account for the income of the property of the lunatic in this State, to apply the same to the support of the wife and minor child of the lunatic, and for the appointment of a receiver to take charge of the estate. So in that case it was not necessary for the court to decide the question now involved in the instant case. Being requested by counsel for the defendants in the court below to review and reverse the decision in that case, we have done so; and we overrule so much of said decision as is in conflict with what is ruled above, if there is such conflict.

*Judgment reversed. All the Justices concur.*