## PHILLIPS, *next friend, v.* PHILLIPS *et al.*

No. 15972.   OCTOBER 17, 1947.

*J. T. Sisk,* for plaintiff.

*Rupert A. Brown* and *R. Howard Gordon,* for defendants.

DUCKWORTH, Presiding Justice.   (After stating the foregoing facts.)   The first question here is whether or not the wife was a

nearest relative of the incompetent within the contemplation of the provisions of the Code, § 49-604. While the proceeding for the appointment of a guardian was special, and jurisdiction must appear on the face of such proceedings (*Allen* v. *Barnwell*, 120 *Ga.* 537, 48 S. E. 176; *Owenby* v. *Stancil*, 190 *Ga.* 50, 8 S. E. 2d, 7), and the ten-days' notice required by the statute is essential to show jurisdiction, the copy of such proceedings attached to the petition showing such jurisdictional facts, the order is prima facie valid. The statute does not limit the nearest adult relative, referred to, to relationship by blood. It must, therefore, be construed to refer to such persons as are generally recognized as being the most closely related. A husband and wife are the closest relationship that people can assume. Our law of inheritance allows them to inherit from each other to the exclusion of all others save alone their own children. We must conclude, therefore, that the wife is the nearest relative under the provisions of the statute here involved.

But this conclusion is not decisive in the instant case, for the reason that the wife was not at the time in a position to appear in court and defend or protect the rights of the alleged incompetent. This court has held that the object of the statute in requiring notice is not to confer any right upon the relatives notified, but is solely for the purpose of protecting the public and the interest of the alleged incompetent. *Morton* v. *Sims*, 64 *Ga.* 298; *Yeomans* v. *Williams*, 117 *Ga.* 800 (45 S. E. 73). In *Morton* v. *Sims*, supra, the application was brought by the nearest relatives, and no other relatives were served. This court held that the proceedings were void for lack of notice. That ruling simply means that the purpose of the law must be upheld, and to that end relatives more remote than the nearest relation may be served instead of notifying the nearest relatives when this purpose is thereby protected. Obviously the applicants in that case would not be expected to resist the application, thereby protecting the incompetent and the public against any unwarranted adjudication of incompetency and the appointment of a guardian; and since this could not be expected of the nearest relatives, notice should have been given to more remote relatives in order that they might contest the application and protect the interest of the alleged incompetent and of the public. The wife could not, under the circumstances shown by the petition, have been expected to be interested or to have acted

in conformity with the purpose of the statute, because of her admitted infidelity and because of her imprisonment which prevented her presence at the hearing. These facts appearing in the petition, the relief prayed for was unauthorized, and the court did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*