31764. ANDERSON *v.* SMITH *et al.*

DECIDED NOVEMBER 4, 1947. REHEARING DENIED NOVEMBER 26, 1947.

176

*E. C. Collins, D. E. Griffin,* for plaintiff in error.

*McDonald & McDonald, Henry B. Sutton,* contra.

GARDNER, J. ■ One of such issues in the petition is to the effect that Mrs. M. C. Anderson at the time of the commitment was a resident of Irwin County and not of Wilcox County where the lunacy proceedings were instituted and adjudicated. In *Shea* v. *Gehan,* 70 *Ga. App.* 229, 232 (28 S. E. 2d, 181), the court laid down this principle: "Neither the Code, § 49-601, nor the act of 1929, pp. 248 et seq., as amended by the act of 1937, pp. 284 et seq., and codified as §§ 49-801 et seq., limits the power of the ordinary over insane person who are citizens of Georgia and resident in the county, but such statutes are broad enough to embrace, in view of the law in general, the power and jurisdiction of such courts over insane persons who are present in their respective counties." See also *Grier* v. *McLendon,* 7 *Ga.* 362; *Coker* v. *Gay,* 154 *Ga.* 337 (114 S. E. 217). While these cases are not altogether similar as to their facts to the instant case, they are analogous in principle and under the general law as contained in the Code, § 49-604, the court of ordinary of the county in which the alleged insane person is living and who becomes violent and liable to do herself injury, has jurisdiction notwithstanding the fact that the residence of such alleged insane person may be in some other county in this State. We think the reason for this ruling is sound. It may be that one would become violently insane while living in a county far distant from his legal residence, or that the residence of such insane person might be doubtful or difficult of ascertainment. Therefore, the ruling that the ordinary of the county where the alleged insane person is living at the time of being seized with the violent condition, should have jurisdiction in order to afford protection to the unfortunate one against herself as well as the public.

■ Petitioner Marshall C. Anderson, the husband of the adjudged lunatic, contends that since he was the husband that he should have been included as one of the three nearest adult relatives to be notified; that he was never notified, officially or otherwise. While the record does not clearly reveal it, it seems to be admitted by all parties concerned, in their argument, that the three who were served with the ten-days' notice as required

under the Code, § 49-604, were the children of Mrs. M. C. Anderson. The motion of M. C. Anderson in substance alleges that he and his wife were married and lived together as husband and wife for thirty-four years and up to the time of the entering of the judgment of the Ordinary of Wilcox County committing his wife to Milledgeville State Hospital and appointing a guardian for her; that he was not served, although he was a resident of Irwin County of this State, and was not otherwise notified, he having no notice of these proceedings until after the rendition of the judgment complained of; that his wife was not a fit subject to be sent to the hospital under the terms of law, but was, by reason of her age and health, imbeciled, and incapable of handling business matters and subject to having a guardian appointed; that while he and his wife were bona fide residents of Irwin County, the daughter, Mrs. Ellis Clark, a resident of Wilcox County, was the only available relative in position to care for Mrs. M. C. Anderson, and that movant placed his wife temporarily with the said daughter and bore the expense of her care and attention; that the steps taken by Mrs. Clark to have her mother committed and herself appointed as guardian were for the purpose of taking possession of her mother's home consisting of a house and lot in Ocilla, Irwin County; and that movant, as husband of Mrs. Georgia Anderson, is such next of kin as to require service of said proceedings upon him, and as such husband is the person most concerned in her welfare and happiness.

*Phillips* v. *Phillips,* 202 *Ga.* 776 (44 S. E. 2d, 767), holds that a spouse is the nearest relative within the contemplation of the provision of the Code, § 49-604. Mr. Justice Duckworth, speaking for the court in that case said. "The statute does not limit the nearest adult relative referred to to relationship by blood. It must, therefore, be construed to refer to such persons as are generally recognized as being the most closely related. A husband and wife are the closest relationship that people can assume. Our law of inheritance allows them to inherit from each other to the exclusion of all others save alone their own children. We must conclude, therefore, that the wife is the nearest relative under the provisions of the statute here involved.

"But this conclusion is not decisive in the instant case, for the reason that the wife was not at the time in a position to appear in court and defend or protect the rights of the alleged incompetent. This court has held that the object of the statute in requiring notice is not to confer any right upon the relatives notified, but is solely for the purpose of protecting the public and the interest of the alleged incompetent. *Morton* v. *Sims,* 64 *Ga.* 298; *Yeomans* v. *Williams,* 117 *Ga.* 800 (45 S. E. 73). In *Morton* v. *Sims,* supra, the application was brought by the nearest relatives, and no other relatives were served. This court held that the proceedings were void for lack of notice. That ruling simply means that the purpose of the law must be upheld, and to that end relatives more remote than the nearest relation may be served instead of notifying the nearest relatives when this purpose is thereby protected. Obviously the applicants in that case would not be expected to resist the application, thereby protecting the incompetent and the public against any unwarranted adjudication of incompetency and the appointment of a guardian, and since this could not be expected of the nearest relatives, notice should have been given to more remote relatives in order that they might contest the application and protect the interest of the alleged incompetent and of the public. The wife could not, under the circumstances shown by the petition, have been expected to be interested or to have acted in conformity with the purpose of the statute because of her admitted infidelity and because of her imprisonment which prevented her presence at the hearing. These facts appearing in the petition, the relief prayed for was unauthorized, and the court did not err in sustaining the demurrer and dismissing the action."

However, the motion of M. C. Anderson in the instant case, which must be taken as true, discloses that as the husband of the incompetent he was available for service, being a resident of the State; that he had at his own expense removed and was maintaining his wife in the home of the daughter in Wilcox County because there was no one in his home who could care for her; and that he was concerned about her welfare and happiness. The motion itself shows that he was thoroughly capable and willing, had service of the proceedings been made upon him, to protect the public and the interest of the alleged incompetent.

It therefore follows that service upon him of the proceedings was necessary, without which said proceedings and the judgment based thereon are void. For these reasons this case must be reversed.

■ We will not here again quote or specifically go into the issues formed on the petition to vacate and set aside the adjudication in the court of ordinary and the response thereto. Code, § 6-201 et seq., provides that an appeal shall lie to the superior court from any decision made by the court of ordinary except an order appointing a temporary administrator. The same shall be entered within four days, the costs shall be paid, and bond given, and the papers transmitted by the ordinary to the clerk of the superior court, to be there tried as other appeals. This appeal was made by the appellant, regular in every respect. When such an appeal is made, it is a de novo investigation for the subject-matter appealed. Code, § 6-501 reads: "An appeal to the superior court is a de novo investigation. It brings up the whole record from the court below and all competent evidence shall be admissible on the trial thereof, whether adduced on the former trial or not; either party is entitled to be heard on the whole merits of the case." Briefly, it will be recalled that the petition of the appellant to vacate alleged: that he and his wife had been married thirty-four years; that she was not insane; that she wanted to go home; that he carried her to Mrs. Clark's to be taken care of, for which he was paying; that, while she was an imbecile from age and ill health, she was not insane; and that Mrs. Clark inspired and promoted the lunacy proceedings in order to be appointed guardian of the property, which included the home of the appellant and his wife; that Mrs. Clark thus committed a fraud against her mother, and against the appellant solely for the purpose of being appointed as a guardian of the property. We think these things, and other allegations of the petition to vacate, and the response thereto, formed issues which should have been submitted to a jury on appeal, in order that the jury might pass upon the whole question and that each party should be allowed to introduce such relevant and competent testimony as pertains to the issues. It must be kept in mind that the motion to dismiss the appeal was in the nature of a general demurrer and in such a situation all the well-pleaded

allegations must be assumed to be true. *Tommey* v. *Ellis*, 41 *Ga.* 260. A motion to strike is in the nature of a general demurrer. *Tumlin* v. *Guest*, 31 *Ga. App.* 250. The motion of M. C. Anderson as amended to vacate the judgment of the court of ordinary committing his wife to the Milledgeville State Hospital and appointing Mrs. Ellis Clark, as her guardian, which was stricken on the motion of counsel of T. J. Smith and Mrs. Ellis Clark, must be taken as true without regard to the answer filed by them. Although the answer says that these parties were living in a state of separation at the time of the rendition of the judgment by the Ordinary of Wilcox County herein complained of, for the purpose of this decision the answer should not have been considered by the trial court and must not be considered here. While, as we have heretofore held in division 2 of this opinion, the judgment of the court of ordinary is void for lack of service on the husband as the nearest relative, the question raised in this, the third division of this opinion, presents a question which we have authority and should decide, therefore we do so. This is for the reason that in the event the case be tried again, such an error would not again occur.

It therefore follows that the judgment must be reversed.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concour.*

ON MOTION FOR REHEARING

The gist of the motion for rehearing is based on the principle that this court did not properly construe, or misapplied, the decision of the Supreme Court to the effect that in a situation as appears in the instant case the husband or wife is not to be included as "one of the nearest adult relatives to be served with notice" under the Code, § 49-604. We must confess that prior to the decision of the Supreme Court in *Phillips* v. *Phillips*, to the effect that the provision of the law set forth in that section, does not limit the nearest relative referred to to relationship by blood, but that the husband and wife are the closest relationship that people can assume, was the writer's opinion along with counsel for movant. We had based our view of the law on *Wetter* v. *Walker*, 62 *Ga.* 142, and 53 C. J. p. 1188, which counsel for movant say we did not mention. We wrote the decision in the instant case in conformity with what we interpreted to be

the ruling of the Supreme Court in the *Phillips* case. The *Wetter* case was not on all fours with the instant case. We do not mean to offer any criticism of the Supreme Court decision, but before it was rendered we felt bound to the view now urged by counsel for the movant. But since the decision of the Supreme Court in the *Phillips* case, we feel that the construction of the Code section is correct and that the husband or wife should be served as one of the nearest relatives if accessible to notice and in a position to protect the public, and to look after the interest of the alleged lunatic, is the better view. This is true regardless of the view or procedure which has heretofore been followed by the bar and the trial bench in such cases. And we have no divergent views or opinion contrary to the decision of the Supreme Court in the *Phillips* case.

*Rehearing denied. MacIntyre, P. J., and Townsend, J., concur.*