### 38830. SMITH v. NUCKOLLS.

FELTON, Chief Judge. On the appeal of this case from the court of ordinary to the superior court it was not error for the court to overrule the general demurrer to a petition filed in the court of ordinary by T. L. Nuckolls in which he sought to have set aside a judgment of the ordinary adjudging petitioner insane and ordering him committed to the Milledgeville State Hospital, the ground of which petition to set aside being that the three nearest relatives of petitioner were not notified of the hearing of the proceedings to have petitioner declared insane. Such notice is necessary to the validity of an adjudication in a case where there are such relatives who can be served. *Morton v. Sims,* 64 Ga. 298 (1); *Yeomans v. Williams,* 117 Ga. 800, 803 (45 S. E. 73); *Singer v. Middleton,* 135 Ga. 825 (1) (70 S. E. 662); *Milam v. Terrell,* 214 Ga. 199, 202 (104 S. E. 2d 219); *Anderson v. Smith,* 76 Ga. App. 171 (45 S. E. 2d 282); *White v. Williamson,* 44 Ga. App. 428 (1) (161 S. E. 654). The cases cited to the effect that one who has been adjudged insane is not a proper party are not applicable because in those cases there had been a legal adjudication of insanity, whereas here there has been no legal adjudication if the facts alleged in the petition to set aside are true. On the question of venue see *Shea v. Gehan,* 70 Ga. App. 229 (28 S. E. 2d 181).

The court did not err in overruling the general demurrer to the petition to set aside.

*Judgment affirmed. Bell and Hall, JJ., concur.*

DECIDED MAY 18, 1961.

734

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error.
*Leon Boling,* contra.