## BELL *vs.* LOVE.

1 Letters of guardianship can be granted only at a regular term of the court of ordinary. Where the proceedings showed on their face that the letters were granted by the ordinary at chambers, the appointment was made without jurisdiction, and was void. Returns made by a guardian so appointed were of no effect; and, being mere sayings of the persons making them, were not admissible to show the truth of statements contained in them.

2. There is no such thing as a guardian *de facto* in this state. All the acts of persons not properly appointed by a court having jurisdiction are null and void, and they are liable to the person interested for the same.

February 2, 1884.

Guardian and Ward. Evidence. Ordinary. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

Reported in the decision

REED, REINHARDT & ARROWOOD; B. F. ABBOTT, for plaintiff in error.

MYNATT & HOWELL, for defendant.

BLANDFORD, Justice.

Love brought his action against Bell to recover a certain tract of land; he claimed title under deed made by Thrasher, guardian for Bridget Gannon, lunatic, and as guardian for Michael F. and Celia Gannon, minors. Defendant, Bell, claimed title under deeds of conveyance from Michael F. and Celia Gannon, and showed by the minutes of the court of ordinary that Thrasher had been appointed guardian of Micheal F. and Celia Gannon at chambers, and not in term. The plaintiff, Love, then filed a writing, in which he alleged that Thrasher, the guardian, had expended the proceeds of the sale of the land for the benefit of his wards; that the land brought its full value; and that, when Bell purchased, he knew all the facts. Upon the

trial of the issue, formed on this petition, the plaintiff, Love, offered the returns of Thrasher, guardian, to the court of ordinary, without more, to sustain the issue thus made by him ; defendant, Bell, objected to this evidence, upon the ground that the returns made by Thrasher, guardian, under the circumstances, were mere hearsay. The court overruled the objections and admitted the testimony, and this is the main ground of error complained of.

Code, §4112, declares that no letters of guardianship shall be granted except at a regular term of the court of ordinary. The proceedings of the court of ordinary showing upon their face that letters of guardianship had been granted by the ordinary at chambers, and not at a regular term, it is made manifest that such appointment is void, and was made without jurisdiction or power in the ordinary who made the appointment. So it seems to follow that Thrasher was not guardian, and all his acts as such were nullities. He having made returns to the ordinary, and such returns having been accepted and recorded by the ordinary, could give the same no more effect than if they had never been so returned and accepted by the ordinary. When offered in evidence, they were the sayings alone of Thrasher, and should not have been admitted in evidence. There is no such thing as a *de facto* guardian in this state. Public policy requires in some cases that persons who assume to act in public offices shall be considered such officers *de facto*, if they are not such *de jure*, but this principle does not apply to the offices of executors, administrators and guardians ; in the former cases, such persons are removable from office by proceedings in the nature of a *quo warranto*, while in the latter cases, all the acts of persons not properly appointed by a court having jurisdiction are null and void, and they are liable to the persons interested for the same. We do not decide upon the equitable rights of the parties, as no such question is made in this record. A new trial should have been granted in this case.

Judgment reversed.