DOOLEY *v.* BELL.

1. Where land was sold by one professing to act as guardian for others, when in fact he was not, for the reason that his alleged appointment as such was absolutely void, the sale itself was likewise void, and passed no title to the purchaser thereat, although he bought in good faith, and without actual notice of any defect in the guardian's appointment or his authority to sell.
2. Such purchaser cannot recover land thus sold from one holding the legal title thereto, and the former, certainly, should not complain of a decree directing a sale of the property and a return to him of the full amount he paid, with interest thereon.
March 23, 1891.

Guardian's sale. Title. Equity. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1890.

Thomas Gannon, the owner of certain realty, died intestate, and there was no administration on his estate.

He left a widow and two children. Thrasher was appointed guardian of the three, but the appointment was made in vacation and without legal notice. The appointment was necessary, however, for the protection of the property and on account of the mental and physical condition of the widow, the helplessness and worthlessness of one of the children and the tender age of the other. As guardian he acted in good faith, and made returns as such to the court of ordinary; and these returns were received, filed and approved. He obtained an order to sell part of the realty, and after legal advertisement, sold it publicly. Certain portions of it were bought, and the full value of the same paid by Dooley and by Love, who bought in good faith and without notice of any irregularity in the appointment of Thrasher, and believing that the sale was legal. The fund raised from the sale of the realty went to the support and maintenance of the widow and children. The widow died intestate, leaving no heirs other than these two children, one of whom conveyed his interest in the realty to the other and died intestate and unmarried. The other sold and conveyed the property to Bell, who, with his attorney who examined the title, had notice of the purchase by Dooley, as well as of the manner of Thrasher's appointment. The evidence showing the disposition of the fund received by Thrasher from the sale of the realty was as accessible to Bell and his attorney as was the evidence that Thrasher was appointed guardian in vacation. Bell built on the land a fence and a house worth $150. Suits against him were brought by Dooley and by Love; and Love's case came to this court, and is reported in 72 *Ga.* 125. Afterwards Dooley filed his bill praying that the court decree that Bell has no title to the property bought by Dooley from the guardian, and that the title thereto is in Dooley; that Bell's deed be cancelled and that Dooley be put into possession; or, if the court should hold that

Bell has any interest in the property, that he be required to pay to Dooley the sum paid by him to Thrasher, with interest. The case made by this bill and the answer of Bell was referred to an auditor, who found the above facts and also reported that though the appointment of Thrasher as guardian and his acts as such, including the sale of the land, were void, yet his services were as valuable and beneficial to the persons and property of his alleged wards as if his appointment had been legal; that it would be inequitable and unjust to allow the widow or the children to share the benefits of Thrasher's care and the support and comfort of Dooley's money, and then to come in and, either by themselves or their assigns, take back the property from those who had paid full value for it; that Dooley, who furnished the money for the preservation of the property and the support and maintenance of the widow and children, is subrogated to the rights of the parties who held such claims against the property, who furnished the actual support and who rendered the service for them; and that the equities of Dooley demand a sale of the property in dispute and a return to him of the sum paid by him with legal interest. To this report Dooley excepted because the auditor did not find the title to the property to be in him, and that a decree therefor with costs be rendered in his favor, instead of finding as he did, that the property should be sold. The overruling of this exception forms the assignments of error.

. P. L. MYNATT & SON, for plaintiff.

JOHN C. REED, for defendant.

LUMPKIN, Justice.

1. The proposition contained in the first head-note has been settled by this court in the case of *Bell* v. *Love*, 72 *Ga.* 125. The appointment of the guardian, and all his acts as such, were void for the reasons there stated.

2. In the litigation between Dooley and Bell over the land involved in this case, a decree was finally made directing that the property be sold, and that out of the proceeds thereof the entire purchase money paid by Dooley, with interest thereon, be refunded to him. This, certainly, is all he had any right to expect. Indeed it is doubtful, to say the least, if his equity entitled him to anything more than so much of his money, with interest, as was used in payment of demands to satisfy which a legal guardian would have been authorized, without a special order, to encroach upon the *corpus* of the ward's estate. Some of Dooley's money was paid on claims to which the *corpus*, without such an order, was not subject. The purchaser at a guardian's sale is undoubtedly bound, at his peril, to look to the legality of the latter's appointment and his authority to sell. If he fails to exercise these precautions, no amount of good faith or fairness on his part can make his title a good one if, in fact, there was no lawful guardian and, consequently, no authority to sell. Dooley, therefore, having obtained no title whatever by his purchase, and the record showing that a portion of the money he paid was expended in a manner which would not have been lawful even on the part of a legally appointed guardian, he is quite fortunate in receiving back *all* his money with interest.

This case differs from that of *Milner et al.* v. *Vandivere et al.*, decided at the last term. 86 *Ga.* 540, 12 S. E. Rep. 879. It appears from the record of that case that a sale of land made by an administratrix, who was the widow of the deceased, was at least irregular, if not void. It further appears, that at the sale made by her, the land was bid off by a person who soon thereafter quit-claimed it to her. She accounted to the estate for the purchase money by crediting the entire amount

upon an allowance which had been made to her of a year's support. Afterwards, she sold two separate portions of the land at different times, to one A. G. B. Vandivere, and the remaining portion to one Feemster, who subsequently sold to the said A. G. B.; and the latter afterwards sold all the land to S. L. Vandivere. The Vandiveres and Feemster bought in good faith and without notice of any defect in the title. The disputed questions of fact in the case were : (1) whether all or only some of the minors participated in the enjoyment of the fund so applied to the year's support; and (2) whether or not the year's support itself was properly set apart. Without undertaking to settle these questions, but leaving the same to be investigated upon another trial, this court simply held, that inasmuch as the year's support was a claim of the highest dignity against the estate of the deceased, and one to which the *corpus* of that estate could be legally subjected, a *bona fide* purchaser whose money paid for the land in the manner disclosed by the record, had an equity superior to the legal title of so many of the heirs as received and enjoyed the benefit of this money in the way of a year's support. In the case at bar no question of year's support was raised at all, and the facts show that a person assuming to act as guardian made an unauthorized use of at least a portion of the purchase money of the land which he had attempted to sell, and that even as to the balance of said money, it was not applied to any such claim as a year's support, which is a paramount charge upon the property of a deceased person. The ruling in *Milner et al.* v. *Vandivere et al.*, while supported by authority, goes quite far enough in the direction of defeating a clear legal title to land by establishing a superior equity in favor of one whose right thereto is derived from an irregular or illegal sale of a deceased person's property, and the doctrine of this case will not be extended be-

yond the precise principle therein stated. After a careful examination of the record in the case before us, we are satisfied that the court below committed no errors, and its judgment is therefore                    *Affirmed.*