27002. CAMPBELL *v.* ATLANTA COACH COMPANY.

DECIDED NOVEMBER 25, 1938.

*R. B. Lambert,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendant.

MACINTYRE, J. Miss Ruth Campbell, a minor, by Herbert Campbell as next friend, brought suit against Atlanta Coach Company for personal injuries sustained by her while riding as a passenger on a school bus owned and operated by Atlanta Coach Company. Her guardian was not a party thereto. The defendant pleaded that Mrs. R. H. Campbell, who was the natural guardian of her daughter and who had been appointed guardian of her property, had compromised the matter for the ward as a doubtful claim, and had given her written receipt and release for the amount paid as a compromise.

1. The Code, § 49-219, declares: "Guardians are authorized to compromise all contested or doubtful claims for or against the wards they represent, to submit such matters to arbitration, to release a debtor if to the interest of the ward, and to appoint an attorney in fact, being responsible for the acts of said attorney." "Claims" as used in the Code, § 49-219, have a technical meaning and imply that a right is in dispute, including a demand arising out of tort. *Maynard* v. *Cleveland,* 76 *Ga.* 52, 70, 71; Bishop *v.* Big Sandy Lumber Co., 199 Ala. 463 (74 So. 931). The word "claims" as therein used, embraces the assertion of a liability to the party making it to pay a sum of money. 1 Bouvier's Law Dictionary, 501. This impression of ours is strengthened when we note that the Code, § 49-221, uses only the word "debts," its distinguishing characteristic being that "a fixed and specific amount is owing and no future valuation is required to settle it." 1 Bouvier's Law Dictionary, 787. "' Claim' supposes debate, litigation, the decision of a right." Prigg *v.* Commonwealth of Penn., 41 U. S. 539, 575. We think these two Code sections are for the purpose of distinguishing when a guardian can compromise a contested or doubtful "claim" of his ward, and when he can compromise a doubtful "debt" of his ward; for we note that the requirements for compromising a "claim" and for compromising a "debt" are different, and are set forth in two separate Code sections.

2. Under the common law a guardian, in the absence of any statutory restrictions, has authority to compromise the claim existing in favor of his ward. 28 C. J. 1123, 1124; 12 R. C. L. 1130; Grievance Committee *v.* Ennis, 84 Conn. 594 (80 Atl. 767). The Code, § 49-219, which deals with compromising "claims" of the ward by the guardian, very cautiously refrains from restricting this authority relative to "contested or doubtful claims" as it existed under the common law. However, the Code, § 49-221, deals with the question of when a guardian may compromise the "debts" of his ward, and unmistakably restricts the authority of the guardian to compromise his ward's debts by requiring that the ordinary shall first make an order directing the same.

3. Thus the rule, as it now exists with reference to the compromising of a "claim" under the Code, § 49-219, is that, when a compromise settlement of a doubtful "claim" for the ward is made by the guardian, such settlement is conclusive until it is set

aside in a direct proceeding instituted for that purpose, and the guardian is a necessary party to such proceeding. *Malpass* v. *Graves,* 111 *Ga.* 743 (36 S. E. 955); *Home Mixture Guano Co.* v. *Woolfolk,* 148 *Ga.* 567 (97 S. E. 637); Redfearn on Wills and Administration of Estates, 488. Of course a guardian has no right to make a fraudulent compromise as to the ward's property, and if he does so a proper proceeding may be instituted to set aside such fraudulent settlement which is in the nature of an obstacle in the way of any suit that might be brought for the recovery of damages on account of this personal injury. In the instant case, we have nothing but a regular tort suit, brought for damages for personal injury against the defendant, and the guardian is not even a party to the proceeding. The plaintiff's pleadings in no way ask for or authorize the setting aside of the compromise settlement.

4. Where the application is for the appointment of a guardian of a minor child under fourteen years of age, other than the child of the applicant, it is necessary for citation to issue. Code, § 49-112. However, in order for the mother, the natural guardian, to also be appointed the guardian of her daughter's property, a citation is unnecessary (*Beard* v. *Dean,* 64 *Ga.* 258; *N. Y. Life Ins. Co.* v. *Gilmore,* 171 *Ga.* 894, 902, 157 S. E. 188); and the proceedings need not have necessarily been made returnable to the first Monday in December, 1933 (this being the first day of the December term of the court of ordinary), but her application may be filed at a later day during the term and heard by the ordinary on that day or set for a hearing on a subsequent day during the same term. Of course the judgment appointing the guardian must be at the regular term. Code, § 24-2104.

5. Where it appears "in the record that the judgment from which an appeal was taken in this case was rendered on a day later than the first Monday in the month, the court of ordinary being a court of general jurisdiction, it will be presumed, in the absence of anything to the contrary, that the term of court was lawfully in session on the day judgment was rendered." *Wright* v. *Clark,* 139 *Ga.* 34 (76 S. E. 565). "The rules prescribed by the statute regulating the mode of doing business by the Courts of Ordinary, ought always to be conformed to, and if they be not conformed to, the judgments are irregular, but they are not for that reason void. An irregular judgment can not be attacked for that reason before an-

other tribunal; to justify such an attack, the judgment must be void." *Davie* v. *McDaniel*, 47 *Ga.* 195, 208. Judgments of a court of ordinary of this State, in matters connected with the administration of the estate of a minor, are judgments of a court of general jurisdiction and the necessary jurisdictional facts need not be made to appear on the face of the record. *Davie* v. *McDaniel*, supra. However, if the face of the record negatives the existence of necessary jurisdictional facts, the judgment is void and may be attacked by anybody anywhere. *Smith* v. *Scarborough*, 182 *Ga.* 157, 158 (185 S. E. 105); *Fussell* v. *Dennard*, 118 *Ga.* 270 (45 S. E. 247); *Bell* v. *Love*, 72 *Ga.* 125; *Dooley* v. *Bell*, 87 *Ga.* 74 (13 S. E. 284); *Gilmore* v. *Mutual Benefit Life Ins. Co.*, 179 *Ga.* 267, 277 (175 S. E. 681).

6. The Code, § 24-2101, declares: "The courts of ordinary shall be held at the place prescribed for the superior court or in the office of the ordinary in each county, by the ordinary thereof, on the first Monday in each month, and continue in session from day to day as the business of the court may require. *No case returnable to the first Monday* is to be tried during said term, that is not called on that day and regularly set for a hearing on said day, or at a later date." (Italics ours.) The plaintiff in error contends that the record and the judgment of the court of ordinary show on their face that the judgment is void, in that the application to the ordinary for permission to compromise the "claim" and the order granting the same were filed during the term and subsequent to the first day thereof, to wit: December 19, 1933, and thus of necessity could not have been returnable to the first Monday in December, and on that day called and set for a hearing on a later date. In the Code, § 24-2105, which fixes the procedure in the court of ordinary, it is said: "Every application made to the ordinary for the granting of any order shall be by petition in writing, stating the ground of such application and the order sought. If notice of such application, other than by published citation, is necessary under the law or in the judgment of the ordinary, he shall cause a copy of such application, together with a notice of the time of hearing, to be served by the sheriff, or some other lawful officer, upon the party or parties to be notified, at least ten days before the hearing. . . " In the procedure for obtaining permission of the ordinary to compromise the "claim" of the ward, who was over

fourteen years of age and who had in writing selected her mother as guardian, such as was filed in this case, no citation was necessary under the law, and the ordinary did not give any expression that it was, in his judgment, necessary that any notice of such application should be given. So far as the record shows, only the rights of the minor, as represented by her guardian, were involved. The minor, through her guardian, of course had notice of the procedure; for her guardian, as her representative, had filed the application herself. We therefore can not say that there was any reason for the ordinary to order any notice to be given to any one; for the only legal party to the proceeding was the guardian who had filed the application.

7. Even if the record shows that the proceeding to have the natural guardian also appointed guardian of the ward's property was begun and concluded on December 19, 1933, and subsequently, on the same date, a proceeding to compromise a doubtful claim was filed, and an order or judgment allowing the compromise was also made on that date, and even if in the present suit, in which the guardian was not a party, it were permissible to attack the guardian's right to compromise his ward's doubtful claim, this, without more, would not authorize a finding of fraud on the part of the guardian.

8. If it were unnecessary for the guardian to apply to the ordinary for an order to compromise his ward's "doubtful claim," and yet out of an abundance of what he deemed precaution he did so, the granting of such an order, whether regular, irregular, or void, would not be harmful to the plaintiff in error.

9. The case of *Carroll* v. *Atlantic Steel Company*, 151 *Ga.* 378 (106 S. E. 908), relied upon by plaintiff in error, was a direct equitable proceeding to set aside a compromise by the guardian of a ward of a doubtful claim. In this case, it seems to us, the court emphasized the fact that the settlement was a bar to the infant's recovery until it was set aside by direct proceeding, because the court therein said: "Where the proceedings in court are merely formal and are instituted and carried out in order to give an apparent sanction to the settlement, and there is no judicial investigation of the facts upon which the right or extent of the recovery of damages by a minor is based, such a judgment entered in pursuance of the agreement and by consent merely, is only colorable

and will be set aside in a proper proceeding, when its effect, if allowed to stand, would be to bar the infant's substantial rights."

10. Applying the foregoing rulings to the facts in the present case, the judge did not err in directing the verdict in favor of the defendant.

*Judgment affirmed. Sutton, J., and Guerry, J., concur. Broyles, C. J., disqualified.*