### 38123. SMITH v. MERRITT.

CARLISLE, Judge. 1. "The judgment of a court of competent jurisdiction may not be collaterally attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed or set aside." Code § 110-708. A court of ordinary being a court of general jurisdiction (*Perkins* v. *Attaway*, 14 *Ga.* 27 (2)), its judgments duly and regularly entered are subject to the foregoing rule, and jurisdiction of the person and subject matter therein will be presumed unless want of jurisdiction affirmatively appears on the face of the record and unless set aside in a proceeding brought in that court for that purpose its judgments cannot be collaterally attacked. *Grier* v. *McLendon*, 7 *Ga.* 362 (3); *Sturtevant* v. *Robinson*, 133 *Ga.* 564, 572 (66 S. E. 890) ; *Wood* v. *Wood*, 200 *Ga.* 796, 799 (2) (38 S. E. 2d 545).

2. Where a person of unsound mind has been committed to the State Hospital in Milledgeville under the provisions of Code

(Ann.) § 49-604 the court of ordinary of the county wherein such person lived at the time he was sent to the hospital has jurisdiction to appoint a guardian for such person, and no other court of ordinary has such jurisdiction. Code § 49-615. *Ocean Accident &c. Co. v. Lovern*, 90 *Ga. App.* 708, 711 (83 S. E. 2d 862).

3. Accordingly, where upon the trial in the Superior Court of Forsyth County of a caveat to the appointment of a guardian by the Ordinary of Forsyth County, the caveator sought to introduce a properly exemplified copy of a proceeding in the Court of Ordinary of Cherokee County, on the face of which it appeared that the incompetent for whom it was sought to have a guardian appointed had been committed to the State Hospital at Milledgeville in a proceeding begun and concluded in the Court of Ordinary of Cherokee County prior to the commencement of the proceeding in Forsyth County, which record showed on its face that the incompetent was a resident of Cherokee County, the exclusion of such evidence was erroneous since it had a material bearing on the jurisdiction of the Court of Ordinary of Forsyth County. It follows that the trial court erred in overruling the ground of the motion for a new trial complaining of the exclusion of this evidence.

4. Had the evidence with respect to the commitment proceeding in Cherokee County been introduced, it would have been conclusively shown that the Court of Ordinary of Forsyth County had no jurisdiction to appoint a guardian for the alleged incompetent, and, consequently, the judge of the superior court would have been required to direct a verdict for the caveator. It follows that any testimony by witnesses with regard to the place of residence of the incompetent prior to his commitment to the State Hospital was not competent evidence with respect to the jurisdiction of the Court of Ordinary of Forsyth County, since the admission of such evidence into the record was equivalent to a collateral attack on the judgment of the Court of Ordinary of Cherokee County, which under the rules of law set forth above is not permitted. Since under the rulings herein made none of the questions presented in the special grounds of the motion will likely recur on another trial of the case, it is unnecessary to pass upon any other assignments of error contained in the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 17, 1960.

*Merritt & Pruitt, Glyndon C. Pruitt, D. Carl Tallant,* for plaintiff in error.
*Leon Boling,* contra.