36634. SORRELLS et al. v. SORRELLS.

MARSHALL, Justice.

The appellee, William A. Sorrells, filed an application in the Probate Court of Madison County to be appointed guardian for the person and property of his mother, Bertha C. Sorrells. The appellant, Walter C. Sorrells, who is another son of Bertha Sorrells, was designated as one of her representatives. He filed a caveat to William's application to have himself appointed guardian for Bertha, and he also filed a plea to the jurisdiction of the Madison Probate Court on the ground that Bertha Sorrells is a resident of Houston County. The probate court overruled the plea to its jurisdiction and, following the return of the commission, entered an order appointing William Sorrells as her guardian.

Walter, individually and as next friend of Bertha, filed a de novo appeal in the Madison Superior Court, where he renewed his plea to the jurisdiction of the Madison Probate Court. However, the parties stipulated in superior court that Bertha is in need of a guardian to manage her person and affairs. At trial, the jury was presented with two questions: (1) whether the Probate Court of Madison County has jurisdiction to appoint a guardian for Bertha C. Sorrells by reason of her being a resident of Madison County or being found in Madison County; and (2) whether William A. Sorrells is a fit and proper person to be appointed guardian for Bertha Sorrells. The jury answered both of these questions in the affirmative, and, pursuant to the jury verdict, the superior court entered final judgment appointing William Sorrells guardian for the person and property of Bertha Sorrells. Walter, individually and as next friend of Bertha, now appeals to this court.

The facts giving rise to this case are as follows:

Bertha Sorrells was born in Madison County in 1889, and she lived there until the spring of 1973, at which time Walter, who lives in Houston County, took Bertha and another son, nicknamed Doc, to stay with him in Houston County. There is testimony at the hearing in superior court to the effect that Bertha was mentally incompetent when Walter took her and Doc to Houston County, and that she and

Doc were physically unable to care for themselves. It was later agreed by Walter and William that Bertha and Doc would alternate their living arrangements by spending three months in Houston County and three months in Madison County. Bertha and Doc stayed in Houston County until the fall of 1973, at which time they returned to Madison County. Bertha's home place and farm were sold, and she and Doc moved into a mobile home. In the spring of 1974, Bertha and Doc returned to Houston County. Doc and Walter later had a falling out, and Doc returned to Madison County, but Bertha remained in Houston County. Walter put Bertha in a nursing home during the day and she would spend her nights with him. This arrangement continued until the summer of 1978.

William became concerned with the care that his mother was receiving, and, on August 24, 1978, he went to Houston County and took his mother from the nursing home back to Madison County. On August 25, he filed an application in the Madison Probate Court to have himself appointed guardian for his mother. This application was voluntarily dismissed, and the present application was filed in the Madison Probate Court on October 19, 1978. The probate court entered its order appointing William as Bertha's guardian on April 18, 1979, and the appeal in superior court came on for trial on February 18, 1980.

1. As it pertains to this case, the Georgia law concerning the appointment of guardians for mentally incompetent persons is as follows:

In 1964, the Georgia Health Code was enacted by Ga. L. 1964, p. 499 et seq. It comprehensively revised Code Ch. 49-6, which provides for the appointment of guardians of insane persons or persons otherwise mentally incapable of managing their estates; and it also revised Code Ch. 88-5, which provides for hospitalization and treatment procedures for the mentally ill.

At the time of the hearing in superior court, Code Ann. § 49-604 (a) (1) (Ga. L. 1964, p. 658; Ga. L. 1969, pp. 541, 542; Ga. L. 1978, p. 1532), provided that a petition for the appointment of a guardian for a person undergoing hospitalization under Code Ch. 88-5 could be filed in the probate court of the patient's residence. However, Code Ann. § 49-604 (b) (Ga. L. 1964, p. 659; Ga. L. 1969, pp. 542, 543; Ga. L. 1978, pp. 1534, 1535) provided that a petition for the appointment of a guardian for a person not undergoing hospitalization could be brought in the probate court of the county in which the allegedly mentally incompetent person was found.

Code Ch. 49-6 was again revised by Ga. L. 1980, p. 1661 et seq., effective July 1, 1980; and Code Ann. § 49-606 (a) (1) (Ga. L. 1980, p. 1667) now provides that a petition for the appointment of a guardian

may be filed "with the probate court in the county where the alleged incapacitated person resides or is found, except that the probate court of the county where the ward is found shall not have jurisdiction to hear any guardianship petition if it appears that the alleged ward was removed to that county solely for the purposes of filing such an action."[1]

2. Walter argued in probate court, in superior court, and in this court that former Code Ann. § 49-604 (Ga. L. 1964, as amended by Ga. L. 1978) is unconstitutional insofar as it requires a guardianship application for a person undergoing hospitalization to be filed in the county of the person's residence, but permits a guardianship application for other persons to be filed in whatever county they are found.

Although we do not find this statutory scheme to be unconstitutional per se, we do conclude that under Art. VI, Sec. XIV, Par. VI of the Georgia Constitution (Code Ann. § 2-4306), where a person files an application for the appointment of a guardian of an allegedly mentally incompetent state resident, the allegedly mentally incompetent person is entitled to have the application for guardianship heard in the probate court of the county of his or her residence.[2] Where, as here, the representative of the alleged incompetent files a plea to the court's jurisdiction on the ground that the alleged incompetent is a resident of another county,[3] the plea should be sustained if it is determined that the alleged incompetent is, in fact and in law, a resident of the other county. To the extent that *Anderson v. Smith,* 76 Ga. App. 171 (45 SE2d 282) (1947), conflicts with this holding, it is disapproved.

3. One's legal residence for the purpose of being sued in this state is generally the same county as his or her domicile. See *Pugh v.*

---

[1] Since we hold, infra, that the "or is found" provision of the statute cannot operate here because of the venue provisions of the state Constitution, it does not matter that the "or is found" provision might also be inoperable under the 1980 law because of the possibility that the alleged ward was removed to Madison County solely for the purpose of filing this action.

[2] It has been held that the probate courts (formerly courts of ordinary) of this state have jurisdiction to appoint a guardian for the person of a nonresident insane person if the nonresident is found within the limits of the county of the probate court's jurisdiction. *Coker v. Gay,* 154 Ga. 337 (114 SE 217) (1922); *Grier v. McLendon,* 7 Ga. 362 (1849); *Shea v. Gehan,* 70 Ga. App. 229 (28 SE2d 181) (1943). Our holding in this case does not affect such nonresidents, because they are granted no special venue rights under the state Constitution.

[3] Our holding also does not affect applications for guardianship for state residents where no plea to the court's jurisdiction is filed.

*Jones,* 131 Ga. App. 600 (1) (206 SE2d 650) (1974); Code Ch. 79-4; see also *Campbell v. Campbell,* 231 Ga. 214 (1) (200 SE2d 899) (1973). " 'There must be a concurrence of actual residence and the intention to remain, to acquire a domicile.' " *Williams v. Williams,* 226 Ga. 734, 736 (177 SE2d 481) (1970). "There must be either the tacit or the explicit intention to change one's domicile before there is a change of legal residence." *Bush v. State,* 10 Ga. App. 544, 546 (73 SE 701) (1912); *Haggard v. Graham,* 142 Ga. App. 498, 501 (236 SE2d 92) (1977).

However, a person who is mentally incompetent and who moves from one place to another may lack the mental capacity to change his or her domicile. See *Squire v. Vazquez,* 52 Ga. App. 712 (184 SE 629) (1936); *Stanfield v. Hursey,* 36 Ga. App. 394 (3) (136 SE 826) (1927). See generally, Anno., Change of state or national domicile of mental incompetent, 96 ALR2d 1236. In this case, there was testimony at the hearing in superior court from which the jury would have been authorized to conclude that Bertha Sorrells remained a domiciliary and, therefore, a legal resident of Madison County, notwithstanding her move to Houston County, in that she lacked the requisite mental capacity to acquire a new domicile of choice.

4. Therefore, the judgment must be reversed, because it was error for the trial judge in this case to charge the jury that the Probate Court of Madison County could acquire jurisdiction to appoint a guardian for Bertha Sorrells merely by reason of her being found in Madison County;[4] and the case must be remanded for new trial. Upon retrial, the issue for decision will be whether the Probate Court of Madison County retained jurisdiction to appoint a guardian for Bertha Sorrells by reason of her remaining a legal resident, or domiciliary, of Madison County in that she lacked the requisite mentality to acquire a new domicile in Houston County.

*Judgment reversed and remanded. All the Justices concur, except Gregory, J., not participating.*

DECIDED JANUARY 16, 1981.

*Erwin, Epting, Gibson & McLeod, Terrell W. Benton, Jr.,* for appellants.

---

[4] It is true that the appellant failed to object to the jury charge. However, a plea to the jurisdiction of the Madison Probate Court was filed by the appellant on the ground that Bertha Sorrells is a resident of Houston County, and this plea was overruled by the superior court. This was sufficient to preserve the issue for review on appeal.

*George H. Bryant, John K. Larkins, Jr.,* for appellee.