## 76160. SMITH et al. v. YOUNG et al.
(369 SE2d 798)

SOGNIER, Judge.

Eugenia P. Smith and Kay P. Norris, nieces of James Dailey Swilling, filed a three-count complaint after Swilling's death against Mary Jo and Alfred L. Young, Swilling's sister and brother-in-law. The first count sought to void the proceedings which had been initiated by Mary Jo Young, in which she had been appointed guardian of the person and property of Swilling, and in which Swilling was subsequently restored to competency. Counts two and three alleged fraud and undue influence by the Youngs in the transfer of certain property to them by Swilling during his lifetime, and sought an accounting, as well as compensatory and punitive damages. The Youngs answered and filed a counterclaim for abusive litigation, and both sides moved for summary judgment. The trial court denied the motion of Smith and Norris for summary judgment and granted that of the Youngs as to the main claim, but left the Youngs' counterclaim pending below. Smith and Norris appeal.

1. Appellants contend the trial court erred by granting summary judgment in favor of appellees because Swilling was not a resident of Cobb County, and consequently the Probate Court of Cobb County lacked jurisdiction to entertain the guardianship proceedings. The record reveals that in July 1982, Swilling, a Stephens County resident, was in an automobile accident and suffered a severe head injury which rendered him incompetent. He was treated at Stephens County Hospital, but was transferred to an Atlanta hospital for further treatment, and then admitted to a convalescent center in Cobb County, which is the county of residence of appellees. Shortly after Swilling

was admitted to the convalescent center, appellee Mary Jo Young applied for letters of guardianship.

OCGA § 29-5-6 (a) (1) provides, in pertinent part, that "[a]ny interested person . . . may file a petition under oath for the appointment of a guardian. The petition shall be filed with the probate court in the county where the alleged incapacitated person resides or is found, provided that the probate court of the county where the proposed ward is found shall not have jurisdiction to hear any guardianship petition if it appears that the proposed ward was removed to that county solely for the purposes of filing such an action." We do not agree with appellants that *Sorrells v. Sorrells*, 247 Ga. 9 (274 SE2d 314) (1981) held that the "or is found" portion of the venue provision in OCGA § 29-5-6 (a) (1) was unconstitutional, nor do we agree that *Sorrells* supports appellants' argument that because Swilling lacked the capacity to change his domicile from Stephens County to Cobb County, the Probate Court of Cobb County necessarily lacked jurisdiction over the guardianship proceedings. Rather, in *Sorrells*, the Supreme Court held that "[a]lthough we do not find this statutory scheme to be unconstitutional per se, we do conclude that under Art. VI, Sec. XIV, Par. VI of the Georgia Constitution . . . , where a person files an application for the appointment of a guardian of an allegedly mentally incompetent state resident, the allegedly mentally incompetent person is entitled to have the application for guardianship heard in the probate court of the county of his or her residence. Where . . . the representative of the alleged incompetent files a plea to the court's jurisdiction on the ground that the alleged incompetent is a resident of another county, the plea should be sustained if it is determined that the alleged incompetent is, in fact and in law, a resident of the other county." (Footnotes omitted.) Id. at 11 (2). The court added, however, in a footnote, that "[o]ur holding . . . does not affect applications for guardianship for state residents where no plea to the court's jurisdiction is filed." Id. fn. 3. Since it is uncontroverted that no plea to the court's jurisdiction was filed in the guardianship proceeding, and that Swilling was at the time of the proceeding "found" in Cobb County, the Probate Court of Cobb County did not lack jurisdiction over the proceedings.

Nor do we find merit in appellants' argument that the Probate Court of Cobb County lacked jurisdiction over the guardianship proceedings because the line on the printed guardianship application form which alleged the proposed ward's residence in Cobb County was crossed out. The application recited that Swilling was located at the nursing home in Cobb County, and since the court's jurisdiction was not challenged, under *Sorrells*, supra, that was sufficient. The holding in *Campbell v. Atlanta Coach Co.*, 58 Ga. App. 824, 827 (5) (200 SE 203) (1938), cited by appellants, was limited to probate

courts "in matters connected with the administration of the estate of a minor," and is thus inapplicable. However, even as to such matters, *Campbell* held that "the necessary jurisdictional facts need not be made to appear on the face of the record." Id. Similarly, *Jones v. Woods*, 158 Ga. App. 391 (280 SE2d 418) (1981), is distinguishable, because unlike the situation in *Jones*, it is clear that the guardianship application in the case sub judice did set forth facts sufficient to confer jurisdiction on the Probate Court of Cobb County. As appellants have not shown that the guardianship proceedings were void, the trial court did not err by denying their motion for summary judgment on that ground.

2. Appellants also allege the trial court erred by granting summary judgment in favor of appellees because the evidence submitted by appellees in support of their motion for summary judgment was insufficient to pierce appellants' allegations of fraud and undue influence, and thus an issue of fact exists as to whether appellees exerted undue influence on Swilling, which requires resolution by a jury. We do not agree.

In response to appellees' interrogatories, appellants alleged eight instances of fraud or undue influence. Five of the allegations concerned the guardianship proceedings or Young's behavior as guardian, which acts were approved by the probate court, thus estopping appellants from challenging them here. See generally *Winters v. Pund*, 179 Ga. App. 349, 352 (346 SE2d 124) (1986). In their sixth allegation, appellants asserted that appellees disposed of several wills. However, appellants failed to produce evidence that any wills existed other than an irregular and incomplete one which appellants admit was invalid, whereas appellee Mary Jo Young testified that no other wills were found.

In the final two allegations appellants asserted that undue influence was exerted by appellees upon Swilling in convincing him to convey to appellees a one-half interest in his home and his car. However, no evidence was submitted by appellants in support of these allegations in their interrogatory answers. Although appellants maintain that the conveyances resulted from the enfeeblement of Swilling's mind, the record establishes that both transfers were made after Swilling's restoration to competency. It is further uncontroverted that appellees alone cared for Swilling personally after his release from the nursing home, and took charge of his business during his entire convalescence, and that even before his accident, Swilling had trusted his sister enough to have placed her name on several bank accounts and certificates of deposit jointly with his own. Thus, we agree with the trial court that appellees presented evidence that pierced appellants' allegations of fraud and undue influence, and since appellants failed to come forward with evidence supporting their allegations, appellees

were entitled to summary judgment. See generally *Howard v. American Business Equip.*, 184 Ga. App. 550, 551 (2) (362 SE2d 127) (1987).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 18, 1988.

*Thomas M. Strickland*, for appellants.
*James E. Cornwell, Jr.*, for appellees.