**O.L. McLENDON, et al., Plaintiffs,**

**v.**

**GEORGIA KAOLIN CO., INC., Defendant.**

**Civ. A. No. 85–338–2–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

March 20, 1992.

James E. Carter, Madison, GA, Martin L. Fierman, Eatonton, GA, for plaintiffs.

John Burke Harris, Jr., William Camp Harris, John Elvis James, Macon, GA, for defendant.

## ORDER

OWENS, District Judge.

Before the court are two motions relating only to the claim of Grant Smith, an incompetent, whose claim is being brought by his guardian, plaintiff Dorothy Watkins Cooper. The court previously entered an order in this case granting in part and denying in part defendant's motion for summary judgment as to the claims of all other plaintiffs on January 10, 1992. *McLendon v. Georgia Kaolin Co., Inc.,* 782 F.Supp. 1548 (M.D.Ga.1992). Defendant has moved for summary judgment, or alternatively for dismissal without prejudice, as to Grant Smith's claim. Plaintiff has moved for summary judgment on the

issue of liability as to Grant Smith's claim. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

The court's order of January 10, 1992, provides a full discussion of the facts surrounding the events of the transactions at issue in this case. The following is a summary of the facts applying to Grant Smith's claim that are in addition to the facts detailed in the court's previous order.

In 1924, Grant Smith was adjudicated incompetent and sent to Milledgeville State Hospital, where he now still resides. During 1968–69, while the conveyances of the other Smith heirs took place, his interest was untouched.

Sometime prior to December 9, 1969, Tommy Smith retained Alex Boone to represent him in an application to the Court of Ordinary of Wilkinson County ("Ordinary") to become guardian of his incompetent brother Grant Smith. Alex Boone was still being retained by defendant at this time as well. Moreover, Tommy Smith was allegedly acting as defendant's agent in obtaining Grant Smith's interest for defendant during this time. No information concerning the potential conflicts of interest of Tommy Smith and Alex Boone was disclosed to the Ordinary at this proceeding.

The Ordinary appointed a guardian ad litem for Grant Smith to represent him in this proceeding. Tommy Smith was appointed Grant Smith's guardian on February 2, 1970.

On December 7, 1970, Tommy Smith, who was still being represented by Alex Boone, filed a petition with the Ordinary which alleged that Grant Smith owned a 1/10 interest in the Smith property, that defendant had agreed to purchase that interest for $8,500.00, that guardian Tommy Smith considered the offer to be fair, and that the fair market value of the interest did not exceed that amount.[1] Again, no potential conflicts of interest were disclosed.

The Ordinary granted the petition finding "that the transaction is fair and in the best interest of said Grant Smith, and that the price realized is the fair market value of said land...." Tommy Smith executed a warranty deed conveying Grant Smith's 1/10 interest in the Smith property to defendant on March 5, 1971.

Tommy Smith died in 1983, and on December 31, 1985, Dorothy Watkins Cooper was appointed guardian of Grant Smith. This lawsuit was filed on August 13, 1985. Plaintiff alleges that defendant, through its agents Alex Boone and Tommy Smith, made affirmative misrepresentations and fraudulently concealed material facts when it obtained Grant Smith's interest in the Smith property.

### 1. Defendant's Motion to Dismiss

Defendant contends that Grant Smith's claim should be dismissed without prejudice because plaintiff has failed to follow the appropriate procedure for attacking a judgment under Georgia law.

■■■ Under Georgia law, as it existed when this suit was filed in 1985, three methods to attack a judgment are available: motion for new trial, motion to set aside, and complaint in equity. O.C.G.A. § 9–11–60(b). A motion for a new trial and a motion to set aside a judgment must be

---

1. Specifically, the petition made the following contentions:

    3. That it is for the best interest of said incompetent to sell all his one-tenth (1/10) interest in and to said property for the reason that said real estate is nonrevenue producing in that no rental can be obtained from said land....

    4. That the above amount of $8,500.00 for the one-tenth interest of petitioner's ward in said property is equivalent to the amount received for like interests in said property, and said price is satisfactory to Yara Engineering Corporation and your Petitioner as they consider said offer to be fair and that the fair market value of said property does not exceed said amount.

    Defendant's Exhibit 6.

brought in the court of rendition; therefore, the only method available to plaintiff in this case is that of complaint in equity.

A complaint in equity may be brought in "any superior court of appropriate jurisdiction." § 9–11–60(b). This case was filed in the Superior Court of Bibb County, a superior court of appropriate jurisdiction, before the case was properly removed to this court. Thus, plaintiff's claim can be heard in this court if it is a complaint in equity to set aside the judgment of the Ordinary.

Plaintiff first argues that § 9–11–60 is inapplicable to this case because she is not attacking the judgment of the Ordinary in this suit. She claims that she is merely seeking damages resulting from the alleged fraud that occurred during the conveyance of Grant Smith's interest to defendant. Plaintiff bases this claim on the fact that the actual conveyance took place after the judgment of the Ordinary was rendered. However, plaintiff's argument on this point has no merit.

The judgment of the Ordinary authorized the conveyance of Grant Smith's interest to defendant, and this judgment states that the conveyance was fair and in the best interest of Grant Smith. If this court were to determine that the conveyance was really fraudulent, this finding would directly conflict with the judgment of the Ordinary and such a conflict is against Georgia law. *Smith v. Merrit*, 101 Ga.App. 290, 113 S.E.2d 639 (1960) (judgment of a court of ordinary is held as a valid judgment until reversed or set aside). Therefore, plaintiff is attacking the judgment of the Ordinary in this suit, and she must follow the procedures set forth in § 9–11–60.

Hence, the question before the court is whether plaintiff's complaint sets forth a complaint in equity to set aside the judgment of the Ordinary. Defendant contends that plaintiff's complaint does not state such a claim because plaintiff does not expressly seek to set aside the judgment in the complaint and she also has insisted that she is **not** seeking to set aside the judgment throughout this litigation. Thus, defendant claims that plaintiff's suit is a collateral rather than a direct attack on the judgment, and collateral attacks are forbidden under Georgia law. § 9–11–60(a) ("[J]udgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section.").

The requirements for a complaint in equity are set out in § 9–11–60(e):

Complaint in equity may be brought to set aside a judgment for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant. Where a judgment is subject to be set aside in equity, the court may grant such other and further relief, legal or equitable, as may be necessary to afford complete relief.

Plaintiff's complaint alleges that defendant obtained Grant Smith's interest through fraud. The circumstances surrounding the judgment of the Ordinary were allegedly part of this fraud. Moreover, the complaint in this case seeks equitable relief; plaintiff seeks to set aside the deed conveying Grant Smith's interest to defendant and for other relief which the court deems proper.

In addition, as the court has previously found, an order to set aside the deed conveying Grant Smith's interest to defendant requires that the court set aside the judgment of the Ordinary. Therefore, while plaintiff did not specifically ask the court to set aside the judgment of the Ordinary, the relief she has requested encompasses this relief.

Moreover, a specific prayer for cancellation of the judgment is not required. A plaintiff's general prayer for equitable relief is sufficient to allow the court to set aside a judgment. *Bowers v. Dolen*, 187 Ga. 653, 1 S.E.2d 734 (1939) (" 'Under a general prayer in an equity case, the plaintiff may have such relief as is consistent with and entirely within the scope of the pleadings.' ") (quoting *Broderick v. Reid*, 164 Ga. 474, 139 S.E. 18 (1927)). In the

complaint, plaintiff has asked for general relief; therefore, Grant Smith's claim is sufficient to constitute a complaint in equity that seeks a direct attack on the judgment of Ordinary.

Defendant also contends that the parties of this case should be realigned and the case dismissed for lack of diversity jurisdiction. Defendant argues that because Tommy Smith was a party to the judgment of the Ordinary, his estate is a necessary party to an action to set aside that judgment. Dorothy Watkins Cooper, a resident of Georgia, is both executor of the estate of Tommy Smith and guardian of Grant Smith. If she were realigned as a defendant in this action, diversity would be destroyed.

Defendant relies upon the rule that a guardian is a necessary party to an action in which plaintiff seeks to set aside a judgment to which the guardian was an original party. *Campbell v. Atlanta Coach Co.,* 58 Ga.App. 824, 200 S.E. 203 (1938). In *Campbell,* plaintiff's guardian had previously formed a compromise settlement of a "doubtful claim" with defendant and had released all plaintiff's claims against the defendant. Plaintiff then, through her next friend, asserted these claims against defendant, and her guardian was not made a party to the suit. She alleged that the settlement was fraudulent and should be set aside, and, consequently, her claims against defendant were still valid. The court held that plaintiff's guardian was a necessary party to the suit to set aside the compromise. *Id.* at 825–26, 200 S.E. 203.

*Campbell* and other similar cases can be distinguished from the case at bar because first, in contrast to these cases, Grant Smith's former guardian, Tommy Smith, is dead. While Tommy Smith was a party to the judgment of the Ordinary, his estate was not.

In addition, in the cases cited by defendant, plaintiff is seeking to attack the actions of a guardian in reaching an improper settlement. In this case, plaintiff is attack-

ing the acts of defendant in fraudulently obtaining Grant Smith's interest. Plaintiff is not seeking relief from the estate of Tommy Smith.

Finally, the estate of Tommy Smith will not be affected at all if the judgment of the ordinary is set aside. If the judgment of the ordinary is set aside by this court, the estate of Tommy Smith gains or loses nothing. Only defendant and Grant Smith, through his guardian, stand to gain or lose an interest in the Smith property; hence, they are the only necessary parties to plaintiff's claim. *See Miller v. Butler,* 137 Ga. 90, 72 S.E. 913 (1911) ("Where a consent decree [which ordered the sale of certain lands] was rendered, . . . in order for [plaintiffs] to set aside the decree and recover the lands, it is necessary to make all parties to said decree **who would be affected by setting it aside** parties defendant to the proceeding instituted for that purpose.") (emphasis added). To make the estate of Tommy Smith a party defendant on plaintiff's claim would serve no purpose at all.

Accordingly, defendant's motion to dismiss is DENIED. Plaintiff's claim states a cause of action to set aside the judgment of the Ordinary by a complaint in equity, the claim is properly before this court, and the necessary parties are present.

## 2. *Defendant's Motion for Summary Judgment*

Defendant has also moved for summary judgment on plaintiff's claim. It contends that plaintiff's claim is barred by the statute of limitations and that plaintiff has failed to establish the necessary elements for a cause of action for fraud.

Defendant bases its statute of limitations argument on § 9–11–60(f), which states that a direct attack on a judgment must be brought within three years of the entry of the judgment. The judgment under attack in this case was entered on December 7, 1971, and the case was not filed until 1985. Thus, unless the statute of limitations has been tolled, plaintiff's claim is barred.

Under O.C.G.A. § 9–3–90(a), "persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons.". In this case, Grant Smith was adjudicated incompetent in 1924 and has remained so to the present date. Thus, he was incompetent in 1971 when the conveyance of his property interest occurred and, since he is still incompetent, the statute of limitations on his fraud claim has never begun to run. It is as if the transaction at issue occurred the day before this suit was filed.

In addition, Grant Smith's guardian, Dorothy Watkins Cooper, was not appointed until December 31, 1985, four months after the filing of this suit. Thus, if the statute began to run on Grant Smith's claim when he was appointed a new guardian, as defendant argues, plaintiff's claim was filed well within the three-year statutory time period. Hence, plaintiff's claim is not barred by the statute of limitations.

Defendant also contends that it is entitled to summary judgment on the ground that plaintiff has failed to establish the necessary elements of a fraud claim. Defendant has incorporated the arguments from its previous motion for summary judgment into this motion.

▇▇▇ Defendant contends that it had no duty to disclose information about the Smith property to any of the plaintiffs. In its previous order, *McLendon v. Georgia Kaolin Co., Inc.*, 782 F.Supp. 1548, 1563–65 (M.D.Ga.1992), the court held that the other plaintiffs in this suit (except the estate of Tommy Smith) had presented enough competent evidence such that a jury could find that defendant had a duty to disclose certain information about the Smith property to the other Smith heirs based either upon Tommy Smith's agency relationship with defendant or upon the particular circumstances of the case.

The same reasoning applies to Grant Smith's claim against defendant. It is undisputed that Alex Boone was representing both defendant and Tommy Smith during the proceedings in which Tommy Smith petitioned the Ordinary for permission to convey Grant Smith's interest to defendant. Moreover, Tommy Smith was allegedly defendant's paid agent during those proceedings. A jury could find that defendant owed a duty to disclose based upon either its confidential relationship to Grant Smith through its agency relationships with Tommy Smith and Alex Boone, or upon the particular circumstances of the case. Therefore, defendant's motion for summary judgment on Grant Smith's fraudulent concealment claims is DENIED.

In its previous order in this case, the court found that the other plaintiffs failed to establish the elements of affirmative misrepresentation. *McLendon v. Georgia Kaolin Co., Inc.*, 782 F.Supp. 1548, 1560 (M.D.Ga.1992). The alleged affirmative misrepresentations committed by defendant applicable to Grant Smith's claim are defendant's representations, allegedly through its agent Tommy Smith, to the Ordinary in Tommy Smith's petition for authorization to convey Grant Smith's interest to defendant. This petition stated that the sale was in Grant Smith's best interest because the property could not produce income, that the offered price was not less than the fair market value, and that petitioner and defendant considered this price to be fair.

▇▇▇ To establish a prima facie case of affirmative misrepresentation, plaintiff must prove the following elements:

1) That defendant made a false representation of a material fact;

2) That defendant knew the representation to be false when he made it;

3) That defendant made the representation with the intent and purpose of deceiving plaintiff;

4) That plaintiff relied on the representation;

5) That plaintiff suffered an injury as a result of such reliance.

*McLendon v. Galloway*, 216 Ga. 261, 116 S.E.2d 208 (1960). The court held in its previous order that the other plaintiffs in this case had shown that there are material facts in dispute as to the last four elements of their fraudulent concealment claims. *See McLendon v. Georgia Kaolin Co., Inc.*, at 1560–61. This analysis applies to the last four elements of Grant Smith's affirmative representation claim as well.

In addition, the parties are in dispute as to the value of the Smith property when Grant Smith's interest was conveyed. Thus, a material fact is in dispute as to the first element, whether defendant's representations to the Ordinary, through its alleged agents, Tommy Smith and Alex Boone, were false. Hence, plaintiff has submitted enough evidence to overcome defendant's motion for summary judgment on Grant Smith's claim for affirmative misrepresentation.

Accordingly, defendant's motion for summary judgment is DENIED.

3. *Plaintiff's Motion for Summary Judgment on the Issue of Liability*

Plaintiff contends that it is undisputed that defendant, through its agents, knowingly made affirmative misrepresentations that were relied upon by the Ordinary to the detriment of Grant Smith and that defendant, through its agents, failed to disclose to the Ordinary material facts about the property and facts about the agents' conflicts of interest when under a duty to do so. Thus, plaintiff seeks summary judgment on the issue of liability.

However, as the court discussed in the section above, there are material facts in dispute as to all five elements for both fraudulent concealment and affirmative misrepresentation in this case. The only undisputed fact is that Alex Boone was the attorney for defendant and Tommy Smith during the same proceedings. This alone does not entitle plaintiff to summary judgment on the issue of liability.

## CONCLUSION

In summary, the court DENIES defendant's motion to dismiss and its motion for summary judgment on Grant Smith's claim. The court also DENIES plaintiff's motion for summary judgment on the issue of liability on Grant Smith's claim.

SO ORDERED.