**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

November 20, 2020

# In the Court of Appeals of Georgia

A20A1976. IN RE ESTATE OF LEON BROWN.

MCFADDEN, Chief Judge.

Linda Glover appeals the order appointing Ann J. Herrera as the ex-officio administrator of Leon Brown's estate. Glover argues that the Fulton County Probate Court lacked jurisdiction to make the appointment because Brown was a resident of Henry County. We hold that because the Fulton County Probate Court had appointed Herrera as Brown's conservator, that court had jurisdiction to appoint her as ex-officio administrator of his estate. So we affirm.

Whether a probate court has jurisdiction over a particular case is an issue of law subject to de novo review. *In re Estate of Hanson*, __ Ga. App. __, __ (848 SE2d 204) (2020).

The record shows that in 2011, the Fulton County Probate Court appointed Herrera, the Fulton County administrator and conservator, to serve as Brown's conservator because Brown lacked sufficient capacity to make or communicate significant responsible decisions concerning the management of his property. See OCGA § 29-5-1 (a). Glover does not argue that the Fulton County Probate Court lacked jurisdiction to make this appointment in 2011.

Glover does argue that the court lacked jurisdiction to appoint Herrera as administrator in 2020. See OCGA § 29-5-10 (a) (generally, a petition for the appointment of a conservator shall be filed in the county in which the proposed ward is domiciled or in the county in which the proposed ward is found). Cf. *Smith v. Young*, 187 Ga. App. 191, 192 (1) (369 SE2d 798) (1988) (because it was undisputed that "no plea to the court's jurisdiction was filed in the guardianship proceeding, and that [the ward] was at the time of the proceeding 'found' in Cobb County, the Probate Court of Cobb County did not lack jurisdiction" over guardianship proceedings).

When Brown died intestate, Herrera petitioned the Fulton County Probate Court to be appointed administrator of Brown's estate. On August 7, 2019, Glover and Brown's other heirs filed an objection on the ground that Brown was a Henry County resident at the time of his death and his guardian had filed a petition for

letters of administration in Henry County. On August 29, 2019, the Henry County Probate Court dismissed the petition for letters of administration filed there because Herrera had been appointed Brown's conservator. In January 2020, the Fulton County Probate Court granted Herrera's petition to be appointed ex-officio administrator, and Glover timely filed this appeal.

Glover relies on a provision of the Revised Probate Code of 1998, OCGA § 53-1-1 et seq., to argue that the Henry County Probate Court had jurisdiction, while Herrera relies on a provision in Title 29, the title concerning Guardian and Ward, to argue that the Fulton County Probate Court had jurisdiction. OCGA § 29-1-1 et seq.

Specifically, appellant Glover argues that under OCGA § 53-6-21, the Henry County Probate Court had jurisdiction and the Fulton County Probate Court lacked it because Brown was a resident of Henry County. That statute pertinently provides that "[e]very petition for letters of administration shall be made to the probate court of the county of domicile of the decedent. . . ." OCGA § 53-6-21 (a).

But OCGA § 29-5-72, upon which Herrera relies and which concerns the termination of a conservatorship, provides in relevant part: "When a ward for whom the county administrator or county guardian has been previously appointed as conservator dies intestate, the conservator shall proceed to distribute the ward's estate

3

in the same manner as if the conservator had been appointed administrator of the estate." OCGA § 29-5-72 (g). We agree with Herrera.

"[A] specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." *Williams v. State*, 299 Ga. 632, 634 (791 SE2d 55) (2016) (citation and punctuation omitted). OCGA § 29-5-72 (g), which applies only when a county administrator or county guardian has been appointed conservator and the ward dies intestate, is more specific than OCGA § 53-6-21 (a), which applies to "[e]very petition for letters of administration."

Moreover, "[b]ecause the legislature is presumed to know the condition of the law and to enact statutes with reference to it, . . . the provisions of the statute enacted latest in time carry greater weight[.]" *Williams*, 299 Ga. at 634 (citations and punctuation omitted). OCGA § 29-5-72 (g), the statute upon which Herrera relies, was enacted in 2006. Ga. L. 2006, p. 805, § 15. OCGA § 53-6-21 (a), the statute upon which Glover relies, was enacted in 1996. Ga. L. 1996, p. 573, § 10.

So OCGA § 29-5-72 (g), the more specific, later enacted statute, governs this case. That statute requires Herrera to distribute Brown's estate in the same manner as if she had been appointed administrator of the estate, so the Fulton County Probate Court did not err by appointing her as administrator.

4

We reject Glover's argument that the probate court erred by failing to conduct a hearing. She has cited no law that requires such a hearing.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*